[No. 946.   January 6, 1904.]

TERRITORY OF NEW MEXICO, Appellee, v. SIMON GARCIA, Appellant.

SYLLABUS.

1. It is not necessary to allege in an indictment the corporate capacity of a corporation alleged to be the owner of property stolen.

2. It is not necessary in an indictment to use the words "felonious intent" where there are other words in the indictment that convey the same meaning.

3. Where the instructions by the court taken as a whole fairly present the law of the case to the jury, the appellate court will not base an error upon a single instruction.

Appeal from the district court of San Miguel county, before WILLIAM J. MILLS, Associate Justice. Affirmed.

GEORGE P. MONEY for appellant.

By the omission of the words, "then and there be-ing," after the word "company," the indictment fails to allege ownership in the Red River Valley Company, or other person, at the time of the alleged larceny. It therefore follows that the jury could not properly find ownership in that at the time of the alleged offense. "Then and there being found," are words which occur in all of Wharton's Precedents.

1 Wharton's Prac. Ind. & Pleadings, secs. 416, 417, 420, 422, 422a, 423, 425, 426, 427, 427a, 427b, 428, 429, 430-432a, 434.

It is the Common Law form.

2 Bish. Crim. Pro. (3 Ed.), sec. 697.

And the Common-law rule must be followed.

4 Bish. Stat. Cr., sec. 428.

The common-law rules of practice and decision and procedure are controlling in this territory in absence of statute.

Compiled Laws 1897, sec. 2871; Leitens-dorfer v. Webb, 1 N. M. 34; Territory v. Ashen-felter, 4 N. M. 93; Territory v. Carrera, 6 N. M. 594. 1 Whart. Prac. Ind & Pls., p. 16, top of page (Note 2).

Time and place must not merely be mentioned at the beginning of the indictment, but be repeated to every issuable and triable fact.

1 Chit. Cr. Law., 219-222; See also 1 Bish N. Cr. Prac., sec. 413.

Ownership in larceny is an indispensable averment of the indictment.

1 Bish N. Cr. Pro., sec. 581-583; par. 1 and 2; Territory v. Ortiz, 8 N. M. 220. (42 Pac. 61); 12 Ency. Law, 800.

Material facts must be stated and cannot be sup-plied by intendment or implication. The charge must be made directly and not inferentially, or by way of recital.

Pettibone v. U. S., 148 U. S. 197-207; Territory v. Armijo, 7 N. M. 571 at bottom of page 579.

After describing the property stolen the indictment must aver, "of the property of one ————— ————, then and there being found, feloniously did steal, take and carry away."

2 Bishop's Criminal Procedure, sec. 697; Kelly Crim. Law. sec. 649; East P. C., 651, 778; State v. Ellis, 24 S. W. 1017.

A pleader has power to strip his meaning of ambiguity, and if he omits to do so, his language must be construed most favorably against the pleader.

Territory v. Ortiz, 1 N. M. 5.

"All presumptions of law are against the pleader."

9 N. M. 410; Territory v. Armijo, 7 N. M. 579-580.

The indictment does not aver or disclose whether the Red River Valley Company is a partnership, joint stock company, or a corporation, and hence does not sufficiently aver ownership.

State v. Mead, 27 Vt. 722; People v. Bogart, 26 Cal. 245; State v. Suppe, 57 Pac. 106.

At common law, the names of all the partners or joint owners must be stated.

Bish. State. Cr., sec. 428; Com. v. Trimmer, 1 Mass. 476; Wallace v. People, 63 Ill. 451; Nosets v. State, 32 S. W. 698; See, also, People v. Swartz, 32 Cal. 160; Graves v. State, 63 Ala. 134; White v. State, 5 S. W. 857; Thurmand v. State, 17 S. W. 1098.

"In a criminal case the pleader must bring the defendant clearly within the intention of the law, and within the words of the statute, if the offense be founded upon the statute alone."

U. S. v. Hall, 5 N. M. 178; U. S. v. Simmon, 96 U. S. 360, 362; U. S. v. Carll, 105 U. S. 611; U. S. v. Cook, 17 Wall. 168.

A felonious intent is an essential element of the crime of larceny.

> Dodson v. State, 85 N. W. 843; 1 Bish. Cr. pro. (New), sec. 523 et. seq.; Alder v. State, 55 Ala. 16.

The court should instruct the jury as to the law of the case, but should not comment upon the weight of the evidence.

> Compiled Laws of New Mexico 1897, secs. 2992-2994; Territory v. Nicholas, 3 N. M. 103; Aguilar v. Territory, 8 N. M. 496; Territory v. Friday, 8 N. M. 204.

It is the duty of the court, in plain and concise language, to define the offense accurately, and tell the jury the essential facts necessary to a conviction.

> State v. McCaskey, 16 S. W. 511; at bottom of p. 512.

"In a prosecution for larceny, an instruction which omits to state that there must have been a felonious intent at the time of the taking, is erroneous, as a felonious intent is an essential element of the crime."

> Dobson v. State, 85 N. W. 843 (Neb. 1901); State v. Rutherford, 53 S. W. 419; State v. Barrett, 31 S. W. 731.

Where intent is the essence of the crime, and a special verdict does not find the intent, the judgment cannot be entered upon the special verdict.

> U. S. v. Buzzo, 18 Wall. 125.

A failure of the presiding judge to inform the jury of the essential elements of the offense charged, is a ground for reversal of a judgment of conviction.

> Codey v. State, 4 Tex. App. 238; State v. Miller, 32 Atl. 137.

It is error for the court to single out the defendant as a witness in his own behalf, and comment upon his credibility and particular credibility as a witness.

> Territory v. Romine, 2 N. M. 114; People v. Cronin, 34 Cal. 191; Faulkner v. Territory,

Territory v. Garcia.

6 N. M. 464; Territory v. Leyba, 74 Pac. (N. M.), 718.

Instruction seven was advice and suggestion to the jury   as to how to deal with facts.

Brown v. State, 23 Tex. 201-202; State v. Mitchell, 35 S. E. 213-214.

The testimony of the defendant, its credibility and weight are matters for the jury's exclusive consideration.

Territory v. Friday, 8 N. M. 204; Compiled Laws N. M. 1897, sec. 2493; McClure v. State, 77 Ind. 287; Hicks v. U. S., 150 U. S. 442; Harriott v. Holmes, 79 N. W. 1003; State v. Hoy, 86 N. W. 98; State v. Cadden, 8 S. E. 536; Ross v. State, 29 Tex. 499; Sullivan v. People, 28 N. E. 381; Lang v. State, 28 So. 857; People v. Van Eaman, 43 Pac. 522; People v. Murray, 86 Cal. 31; People v. Hertz, 105 Cal. 663; Territory v. Duran, 3 N. M. —; Thompson on Trials, sec. 2447; note 3; Solander v. People, 2 Cal. 48-56; Harrell v. State, 40 S. 801.

Concerning the credibility of witnesses:

Knowles v. People, 15 Mich. 408-412; Brown v. Hannibal, etc., R. Co., 66 Mo. 588-600; Territory v. Lucero, 8 N. M. 543; Jeffries v. State, 28 So. 948; Waters v. People, 50 N. E. 148; Riddles v. State, 46 S. W. 1061; Houston, etc., R. Co. v. Runnels, 47 S. W. 972.

A witness is presumed to speak the truth.

State v. Schneppel, 59 Pac. 928; Sawyers v. State, 15 Lea, 694; Comstock v. Rayford, 12 Smed & M. (Miss.) 369; State v. Jones, 77 N. C. 520; Berry v. Hull, 6 N. M. 643; People v. Hawes, 33 Pac. 791; Allen v. State, 20 So. 490; Mill Co. v. McEver., 22 S. E. 705; Scott v. People, 30 N. E. 329; Goodwin v. State, 96 Ind. 550.

As to the reading to the jury an instruction, after

the argument of counsel had closed and after all other instructions had been given.

> Compiled Laws 1897, sec. 2994; State v. Sheppard, 39 S. E. 686.

As to the admissibility of evidence and the cross-examination of witnesses:

> 1 Greenleaf Ev., sec. 446; Martin v. Elden, 32 Ohio St. 6, 287 (affirmed and cited in 38 Ohio St. 365); Wilson v. Wager, 26 Mich. 452.

Where the evidence is conflicting, and the case close upon the facts, no improper evidence should reach the jury which might influence their verdict.

> Stevens v. People, 41 N. E. 858; Waters v. People, 50 N. E. 150; S. C. D. & P. R. Co. v. Murray, 3 N. M. 423; Territory v. Armijo, 37 Pac. 1115-1116.

Where error has been committed in the admission of evidence, a reversal will be directed unless it appears beyond doubt that the error complained of did not and could not have prejudiced the rights of the party.

> Vicksburg v. O'Brien, 119 U. S. 99; Mexico v. Oliver, 148 U. S. 664; Territory v. Griego, 42 Pac. 81. (8 N. M. 133); N. M. R. Co. v. Hendricks, 30 Pac. 902; State v. Musgrove, 28 S. E. 813.

If a judgment is against the evidence, it is likewise against the law.

> Baca v. Fulton, 3 N. M. 352 (5 Pac. 467); U. S. v. Biena, 8 N. M. 99; Territory v. Pino, 9 N. M. 598; Territory v. Edie, 6 N. M. 555; Carlisle Gold Mining Co. v. Clark, 5 N. M. 323; Romero v. Desmarias, 5 N. M. 142; Railroad Co. v. Ohle, 117 U. S. 123; Territory v. Webb, 2 N. M. 157.

The rule that the finding of the jury will not be disturbed, ought to be relaxed whenever it appears that injustice has been done.

> Owen v. State, 35 Tex. 361; See, also, Wil-

liams v. Townsend, 15 Kas. 429; Martin v. Martin, 45 Pac. 813; Lee v. State, 71 Ga. 260; Copeland v. State, 7 Hum. (Tenn.) 479; Waters v. People, 5 N. E. 150.

EDWARD L. BARTLETT, Solicitor-General, and C. A. SPIESS, District Attorney, for appellee.

The word, "found," common in the forms for indictments, is not necessary.

1 Bishop's New Criminal Procedure, sec. 697.

And the same has been adjudged of the entire phrase, *"then and there being found."*

State v. Ellis, 24 S. W. 1007; Territory v. Borrego, 8 N. M. 470; Territory v. Canera, 6 N. M. 695.

Where the name of corporation is stated as owner, there need be no averment that it is a corporation.

2 Bishops New Criminal Procedure, Sec. 718; State v. Fitzpatrick, 9 Houston 385; State v. Shields, 89 Mo. 259; Augustus Fisher v. The State, 40 N. J. Law 169; Ball v. State, 48 Ark. 94; State v. Pierce, 8 Iowa 232; State v. Emmons, 72 Iowa 265; Commonwealth v. James Moriarty, 135 Mass. 540; McLaughlin v. Commonwealth, 4 Rawle 464; Commonwealth v. Phillipburg, 10 Mass. 70; Commonwealth v. Dedham, 16 Mass. 141; Noakes v. People, 25 N. Y. 387; McCorney v. People, 83 N. Y. 408; Burke v. State, 34 O. St. 79; Norton v. State, 74 Ind. 337; State v. Grant, 104 N. C. 908; State v. Kilpatrick, 9 Houston, (Del.) 388; Crawford v. State, 68 Ga. 822; Hatfield v. State, 76 Ga. 499; People v. Henry, 77 Cal. 445; State v. McKiernan, 17 Nevada 229; State v. Cleveland, 6 Nev. 185; Rapalje on Larceny, sec. 103.

Objection that indictment or information is uncer-

tain should be made on motion to quash.  Too late if not made until assignment of error.

Stewart v. State, 113 Ind. 505.

It is idle to say the indictment charges no criminal intent, when it charges that the defendant killed the cattle unlawfully and feloniously.

2 Bish. New Crim. Proc., sec. 698; 1 Bish. Crim. Proc., secs. 586, 524, 558, 436.

In charging the jury the court should limit its instructions to the facts in evidence.

11 Ency. Pl. and Pr., p. 168 and 170.

The fair test of the propriety of a charge cannot be whether it is abstractly right.  It must be considered with reference to the evidence of the facts charged on which the jury is required to respond.  The converse of this rule is equally true, and equally well supported by the cases.

Territory v. Fewell, 5 N. M. 44; Rodey v. Ins. Co., 3 N. M. 548, 549; Crabtree v. Segrist, 3 N. M. 503-4; Territory v. Anderson, 4 N M. 226; Territory v. Baker, 4 N. M. 267; Territory v. Faulkner, 6 N. M. 480; Territory v. Romine, 2 N. M. 129.

If counsel are not satisfied with the instructions given, they should offer proper instructions covering the point.

Territory v. O'Donnell, 4 N. M. 210.

The eighth instruction, which relates to the credibility of witnesses, is approved in

Sackets Instructions to Juries, pp. 31-33; 2 Thompson on Trials, sec. 2418; 11 Ency. Pl. and Pr., pp. 285, 315 and 341; 1 Bish. Crim. Proc., secs. 981, 982; Wilburn v. Territory, 62 Pac. 968; Thompson on Trials, secs. 2414-2418; 2 Thomp's Trials, 2363.

Each instruction must be considered in the light of all the others.

Rodey v. Insurance Co., 3 N. M. 549; 2 Ency. Pl. and Pr., p. 480.

Cases in which the court will refuse to disturb a verdict:

Territory v. Guillen, 66 Pac. 529; Territory v. Webb, 2 N. M. 148; Territory v. Maxwell, 2 N. M. 250; Territory v. Hicks, 6 N. M. 596; Trujillo v. Territory, 7 N. M. 43, 32 Pac. 154.

Where evidence is contradictory and the verdict is against the weight of the evidence, see

State v. Cruise, 16 Mo. 391; Herbon v. State, 7 Tex. 69; Romero v. Desmarias, 5 N. M. 145-6; Territory v. Edie, 6 N. M. 565; U. S. v. Biena, 8 N. M. 104; Territory v. Pino, 9 N. M. 598.

BAKER, J.—The defendant in this case was indicted in the district court of San Miguel county, May 27, 1901, for stealing and killing three head of neat cattle, the property of the Red River Valley Company, of the value of twenty-five dollars each. Demurrer to indictment was filed and overruled. Trial by jury was had, which resulted in a verdict of guilty. Motions for a new trial and in arrest of judgment were overruled, and an appeal was prayed for and allowed to this court.

A complete answer to the contention of the appellant that the indictment does not state that on the tenth day of December, 1900, the property claimed to have been stolen was the property of the Red River Valley Company is to quote the language of the indictment (omitting the formal parts) : ".  .  .  Do present that Simon Garcia, late of the county of San Miguel, Territory of New Mexico, on the tenth day of December, in the year of our Lord one thousand nine hundred, at the county of San Miguel aforesaid, three head of neat cattle, of the value of twenty-five dollars each, of the property of the Red River Valley Company, unlawfully and

feloniously did take, steal and knowingly kill, contrary to the form of the statute, etc. . . ."

Appellant complains that the indictment does not say that the Red River Valley Company was a corporation. It is not necessary in an indictment to allege the corporate capacity of the owner of stolen property. State v. Shields, 89 Mo. 259; State v. Fisher, 40 N. J. L. 169; 2 Bishop's New Crim. Proc., sec. 718; 5 Thompson on Law of Corporations, sec. 6444, and cases cited.

Appellant also objects to the indictment because it did not say that the crime was committed with an intent on the part of the defendant. It is not necessary to go beyond the statute and allege in specific terms that the crime was committed *with intent*. The intent is implied in the charge that he did it feloniously and unlawfully; that the defendant feloniously and unlawfully stole the cattle and knowingly killed them. 1 Bishop's New Crim. Proced., sec. 558.

Appellant's objections to instructions 1 and 2 may be considered together. It is contended that these instructions do not fully and completely state the crime charged. From a careful reading of instructions 1 and 2, together with the instruction requested by the Territory and given, it will be observed that the jury were instructed that the essential elements to be proven by the Territory were, that the defendant did unlawfully and feloniously take and steal and knowingly kill three head of neat cattle, or any one of said cattle, being the property of the Red River Valley Company on the tenth day of December, 1900, in San Miguel county, Territory of New Mexico, and that if the jury so found, they should find the defendant guilty. These are all the essential elements of the crime as provided by section 79 of the compiled laws of 1897, which section reads as follows: "Any person who shall steal . . . or knowingly kill . . . any neat cattle the property of another, shall be punished . . ."

The objection to instruction No. 7, given by the court, is not without some weight; nor does this court approve of this instruction. However, this instruction has been upheld by the Supreme Court of the United States in Reagan v. United States, 157 U. S. 304, and in Hicks v. United States, 150 U. S. 450. We are not unmindful, however, that the Federal courts in the States are permitted to comment upon the testimony. This instruction is also upheld in State v. Jones, 78 Mo. 280 and in Solander v. People, 2 Colo. 48. We are of the opinion that this instruction is not so erroneous as to warrant a reversal of the case.

The objection of appellant to the eighth instruction, given by the court, is not tenable. This instrucion is a fair and careful one, guarding the interest of the defendant. It reads as follows: "The court instructs you that you are the sole judges of the weight of the evidence and of the credibility of the witnesses, and if you believe from the evidence that any witness has willfully sworn falsely as to any material fact in this case, you may, unless the same is corroborated by other credible evidence, or facts and circumstances in evidence, disregard the whole or any part of the testimony of such witness, and in passing on the credibility of any witness, or the weight to be given to his testimony, you may consider his manner and conduct upon the stand, his means of knowledge, the relationship of the parties, if any, and the interest that he may have in the result of the case."

Appellant also objects to the last paragraph of instruction 9, whereby the jury are instructed that "if they should entertain a reasonable doubt of the defendant's guilt, he should be acquitted, although the jury might not be able to find that the alibi was fully proven." The language here employed certainly tells the jury that if the evidence on the subject of an alibi raises any reasonable doubt in their minds as to the defendant's guilt,

he should be acquitted. Instructions to this effect have been given and ratified in almost every jurisdiction.

Appellant assigns as error the language employed in instruction No. 10. This instruction standing alone would certainly be prejudicial to the defendant. However, instructions 8 and 10 when taken together would seem to simply state to the jury that they are the judges of the credibility of the witnesses and if they believe that any witness has sworn falsely or that the testimony of any witness is inconsistent with other testimony which the jury believe to be true or consistent with the circumstances proven on the trial, then the testimony of one credible witness would be of more value than the evidence of such other witnesses. The term used by the learned judge, "credible," could mean nothing more than such witnesses as the jury gave credit for telling the truth, and is used in the abstract, without reference to any particular witness who testified in the case.

Appellant assigns as error the giving of an instruction requested by the Territory, for the reason that it was given untimely, that is, after the arguments of counsel and submission of the case. Whatever might be said concerning this position, this record nowhere discloses the facts contended for by appellant, and the objection will therefore not be considered by this court.

It is enough that the instructions as a whole fairly placed the case before the jury, and we think that they did in this case. Territory v. O'Donnell, 4 N. M. 210; United States v. Amador, 6 N. M. 178; Territory v. Trujillo, 7 N. M. 43.

We have carefully read the objections to the admissibility and rejections of testimony on the trial of the case, as well as all other assignments of error, and we are of the opinion that there is nothing reversible. It is not the duty of an appellate court to hunt for technicalities whereby criminals can escape punishment. The record discloses the fact of the defendant's guilt and he should pay the penalty.

The judgment of the district court is affirmed.

McFie, A. J., concurs. Parker, A. J., dissents. Pope, A. J., did not participate in this decision.