[No. 34964.     *En Banc.*     October 13, 1960.]

JOHN BRUMMETT, *Appellant,* v. THEODORE W. CYR, *Respondent.*[1]

[1]Reported in 355 P. (2d) 994.

*Velikanje, Velikanje & Moore* and *Paul M. Goode,* for appellant.

*Gavin, Robinson & Kendrick* and *Robert R. Redman,* for respondent.

MALLERY, J.—This action arose out of a rear-end automobile collision at a traffic-light controlled street intersection in the city of Yakima on December 6, 1956. The plaintiff was driving north on south First street at a speed of about fifteen miles an hour. He was followed by the defendant at a distance of from thirty to fifty feet. The streets were covered with packed snow and ice. Plaintiff had just mounted snow tires on his automobile and wanted to test their efficacy. As he approached the intersection with Maple street, the green light turned to amber. He applied his brakes and made a sudden stop with all but two and one-half feet of his car beyond the intersecting crosswalk. The defendant could not stop and rammed the rear end of plaintiff's car, causing the injuries here in question.

From a judgment for the defendant, the plaintiff appeals.

The appellant assigns as error the trial court's failure to give his requested instruction No. 1, which would have taken the issue of contributory negligence from the jury. He contends that as a matter of law he could not be guilty of contributory negligence in making a stop in compliance with the amber light.

The duty of a driver approaching an intersection when a light turns amber is governed by Yakima city

ordinance No. B-1526, chapter V, § 24(a), which provides, *inter alia:*

"2. Yellow alone or the word 'Caution' when shown following green or 'Go' signal: Vehicular traffic facing the signal is thereby warned that the red or stop signal shall be exhibited immediately thereafter, and such vehicular traffic shall not enter *or be crossing* the intersection when the red or stop signal is exhibited. . . ." (Italics ours.)

Under the ordinance, a driver approaching an amber light is justified in proceeding through an intersection when he can do so before the amber light turns red, but his right to stop is absolute. He need never gamble on his ability to clear the intersection in time.

At such an intersection, there are two different relationships between motor vehicle drivers. The first relates to the function of the light, which is to alternate the flow of traffic on the intersecting streets. The light indicates definitely and certainly the prevailing right of way at any given moment. The duty to yield the right of way in accordance with the light is upon *all* vehicles both forward and following which are approaching the intersection. The achievement of a safe right of way, which is the purpose served by the light, could not be attained otherwise.

The relationship between forward and following vehicles on the same street is subservient to the primary purpose of determining the right of way at an intersection. The drivers are equally governed by a signal light. There is never a duty on a forward vehicle to violate the right of way of vehicles in an intersecting street in order to protect a following vehicle from the harm of its failure to stop.

The decisive factor in this case is the duty upon everyone to anticipate light changes and be able to act accordingly. This precludes the right to invoke the emergency doctrine on behalf of the following vehicle. The driver of a forward vehicle does not create an emergency by obeying a signal light. The driver of a following vehicle must anticipate that he will stop on an amber light and be able to act accordingly. Intolerable confusion as to one's duty would result from requiring a forward driver to

watch out for following vehicles and to decide, at his peril, whether to heed the light signal or not.

Only certainty of one's duty can produce a uniformity of practice which will implement the purpose served by a signal light. The mandate of a traffic light is the law of the moment, and following drivers will disobey it at their peril.

The trial court erred in submitting a question of contributory negligence on the part of the appellant to the jury.

The judgment is reversed, and the cause remanded for a new trial.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.

OTT, J. (dissenting)—The majority hold that, as a matter of law, the driver of the forward automobile was not guilty of contributory negligence. I do not agree for three reasons:

(1) RCW 46.60.080 provides that "It shall be unlawful for the operator of a motor vehicle to follow another vehicle more closely than is reasonable and prudent, . . ."

RCW 46.48.010 provides:

"Every person operating or driving a vehicle of any character upon the public highways of this state shall operate the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, . . ."

These statutes place upon the operator of a motor vehicle, whether following or preceding another, the duty to operate his vehicle in a careful and prudent manner. Whether the operator of a motor vehicle is driving closer to the automobile ahead than is "reasonable and prudent," or whether the operator of the forward automobile is driving in a "careful and prudent manner," is a factual determination to be made by the jury.

(2) The ordinance gave the operator of the forward vehicle the absolute right to stop. It also conferred upon him an absolute right to proceed through the intersection under certain circumstances. The manner in which the

appellant operated his automobile before his abrupt stop indicated that he was going to drive through the intersection. Whether, at the time of the collision, he was driving his automobile in a careful and prudent manner was a question of fact for the jury to decide.

(3) Even though the operator of a motor vehicle complies with the law, there may be circumstances where such compliance does not fulfill the statutory standard of reasonable care. In *Curtis v. Perry*, 171 Wash. 542, 547, 18. P. (2d) 840 (1933), we said:

"It must be borne in mind that statutory regulations relative to the conduct of drivers of motor vehicles do not attempt to define what reasonable care is. They set up certain rules of conduct, violation of which carries a presumption of negligence, but a compliance with which does not necessarily fulfill the obligation to exercise reasonable care under given circumstances. There are circumstances under which a compliance with the statute alone might be presumed, as a matter of law, to constitute reasonable care; and there are circumstances where such would not be the case."

The circumstances in the instant case, together with appellant's statement that " 'Under ordinary circumstances I might have went through that light. . . . I just got a new set of snow tires put on my car, . . . I just wanted to see if I could stop the whole car,' " were facts for the jury to consider in determining the issue of whether appellant exercised reasonable care in driving his automobile. The jury was the sole judge of the facts. Upon conflicting evidence, the jury determined the factual issue of the exercise of reasonable care adversely to appellant.

In my opinion, the court properly instructed the jury. The evidence sustains the verdict, and the judgment should be affirmed.

DONWORTH, FINLEY, and HUNTER, JJ., concur with OTT, J.