[No. 37228. Department One. April 8, 1965.]

DAVE AMON et al., *Appellants*, v. BEN W. LOCKETT et al., *Respondents.**

*Olwell, Boyle & Hattrup*, for appellants.

*Karr, Tuttle, Campbell, Koch & Granberg, Clarence H. Campbell*, and *Robert P. Karr*, for respondents.

HILL, J.—This action arose out of a rear-end automobile collision at a traffic-controlled intersection in the city of Seattle on October 31, 1961. The plaintiff[1] was traveling west on Yesler Way, followed by the defendant. As they approached the intersection with Eighth Avenue, the traffic

*Reported in 400 P.2d 784.

---

[1] While the wives of both plaintiff and defendant are parties to this litigation, we shall refer to the plaintiff and the defendant drivers as though they were the only parties.

light turned from green to yellow.[2] The plaintiff stopped, but where he stopped is disputed. He testified that the point of impact was within the crosswalk, but very close to the easterly line. This would put most of his car in the crosswalk.[3] There was evidence, however, that his car was entirely out in the street with the rear end approximately 3 feet beyond the westerly line of the east crosswalk (which would be the easterly curb line of Eighth Avenue extended). It is undisputed that he was rear-ended by the defendant and his car knocked clear across Eighth Avenue.

The trial court submitted the case to the jury on the issues of the negligence of the defendant, the driver of the following car, and on the contributory negligence of the plaintiff. The jury returned a verdict for the defendant, and the trial court entered a judgment of dismissal on the basis of that verdict.

The plaintiff appeals, urging (1) that he could not be contributorily negligent because he had an absolute right to stop on a yellow light; and (2) that the defendant was negligent, as a matter of law, in following the plaintiff too closely (10 or 12 feet to a car length) at too great a speed (20 to 25 miles an hour).

██ If plaintiff's car had been stopped where the statute says it should have been (before reaching the crosswalk), we could agree with his contention that he had a right, as a matter of law, to stop on the yellow light; and the collision would clearly have been the fault of the following driver in driving too closely to enable him to avoid a col-

---

[2]Usually referred to as amber, but not in the statutes or ordinances. RCW 46.60.230; Seattle Code 21.20.080. That statute (and ordinance) reads that on a "yellow" light,

> Vehicular traffic facing the signal shall stop before entering the nearest crosswalk at the intersection or at such other point as may be designated by the proper traffic authority. However, if such stop cannot be made in safety, a vehicle may be driven cautiously through the intersection.

[3]It has been suggested, but not testified, that that point of Eighth Avenue was 36 feet wide and the crosswalk 10 or 11 feet in width; this would put the front end of the plaintiff's car extending into the portion of Eighth Avenue used for automobile traffic.

lision when the car ahead made a stop required by the statute and the Seattle ordinance.

By his own testimony, the plaintiff demonstrated that he did not stop as directed by the statute and the Seattle ordinance "before entering the nearest crosswalk"; but the jury had a right to find that the plaintiff had actually stopped his car in front of the waiting, and soon to be moving, traffic on Eighth Avenue and 3 feet beyond the crosswalk. Only an incurable optimist could assume that he could stop with safety in such a position. The driver of the following car would have no reason to believe that a stop was going to be made under such circumstances.

The jury could have concluded that the following driver had reason to believe that the plaintiff's car was going through the intersection on the yellow light and decided to follow him through. Whether the driver of the following car was negligent in attempting to go through the intersection was for the jury to determine, as was the question of whether the plaintiff was contributorily negligent in stopping where he did.

To support the plaintiff's contention of his absolute right to stop on the yellow light, reliance is placed on *Brummett v. Cyr*, 56 Wn.2d 904, 355 P.2d 994 (1960). Brummett, confronted with an "amber" light, could have gone through the intersection safely, but decided to test the efficacy of his new snow tires and came to a sudden stop; all but 2½ feet of his car was beyond the intersection crosswalk. (In the instant case, there was testimony that the plaintiff's car was 3 feet beyond the crosswalk, so he was some 5½ feet further into the intersection than had been Brummett, a difference which we do not regard as particularly significant.) Cyr, the defendant, driving on packed snow and ice, was some 30 to 50 feet behind Brummett and could not stop in time to avoid hitting his car.

The jury, as here, brought in a verdict for the defendant. We granted a new trial, saying that the plaintiff had an absolute right to stop on the "amber" light and that the issue of contributory negligence should not have been submitted to the jury.

The distinction between the two cases must be found in the applicable statutory law.

In *Brummett v. Cyr, supra,* the Yakima ordinance (and RCW 46.60.230), in effect at the time of the collision, provided that by a yellow light,

Vehicular traffic facing the signal is thereby warned that the red or stop signal shall be exhibited immediately thereafter, and such vehicular traffic shall not enter *or be crossing* the intersection when the red or stop signal is exhibited. (Italics ours.)

The present statute and Seattle ordinance contemplate a stop before entering the nearest crosswalk and, if such a stop cannot be made in safety, "a vehicle may be driven cautiously through the intersection."

Obviously, the plaintiff, on the basis of his own testimony, did not or could not stop before entering the nearest crosswalk; he went, or so the jury could have found, through a 10 or 11-foot crosswalk and stopped with the front end of his car near the center of Eighth Avenue and the rear of his car 3 feet beyond the crosswalk.

A following driver, seeing that the car ahead could not safely stop before entering the crosswalk, could assume that its driver was going to exercise his statutory option of proceeding through the intersection. But whatever the car ahead was doing, the following driver was obliged to stop before entering the crosswalk, if he could do so with safety.

They both would be governed by the same yellow light; each would be commanded to stop before entering the nearest crosswalk. Only the driver who could not make such a stop with safety would be permitted to drive through the intersection.

The statute and Seattle ordinance give a driver, confronted with a yellow light, a specific place for stopping and a recognized option to proceed if he cannot stop there with safety.

Each of the drivers having proceeded past the designated stopping point, it becomes a question for the trier of the facts as to whether the leading driver made the choice,

which a reasonably prudent or cautious man would have made, of stopping or proceeding with caution. This applies, likewise, to the following driver; and, in addition, his conduct presents the further question of whether he was driving too close, too fast, under the conditions then existing.

The trial court did not err in submitting the issues of the negligence of the following driver and of the leading driver to the jury (which of these is referred to as contributory negligence depends upon which party is the plaintiff).

The judgment is affirmed.

ROSELLINI, C. J., OTT and HALE, JJ., and BARNETT, J. Pro Tem., concur.