[No. 8-39889-1.    Division One.    January 12, 1970.]
**Panel 1**

ROYAL H. GOLDFARB, *Respondent*, v. ELIZABETH O. WRIGHT *et al., Appellants.*

*Murray, Dunham & Waitt* and *Wayne Murray,* for appellants.

*Bianchi & Tobin* and *Gordon R. Tobin,* for respondent.

SWANSON, J.—For about 10 seconds, Royal H. Goldfarb waited at the intersection of Mercer Street and Westlake Avenue in Seattle, Washington, for the traffic light to change from red to green. Suddenly, a following car driven by the defendant, Elizabeth O. Wright, failed to stop and struck the rear of his stopped vehicle. Goldfarb said he was injured and brought suit alleging Elizabeth Wright was negligent in running into his car. She denied any negligence.

In the trial that followed, the defendant blamed her failure to stop on defective brakes. She explained to the jury that she had borrowed the car earlier in the evening and had driven it to West Seattle and back, a distance of about 25 miles, and had stopped numerous times en route without difficulty. She testified that she had stopped about two blocks from the scene at which time the brakes worked properly. However, when she tried to stop behind Goldfarb's car, the brake pedal went completely to the floor. There was just no pressure, she said, when she pumped the pedal. No explanation was given by either party as to the nature of the claimed defect or the cause of the alleged brake failure.

The court denied plaintiff's motion for a directed verdict

and instructed the jury on brake failure,[1] and on the owner's knowledge of defects and duty of inspection.[2] The jury returned a verdict for the defendant. The plaintiff moved for a new trial or judgment n.o.v. A new trial, limited to damages only, was granted. Defendant appeals.

The court's reasons for granting the motion appear in part in its memorandum decision in this language:

Unless the jury knew why the brakes failed, they could not say whether the driver knew or in the exercise of reasonable care should have known of the defective condition of the brakes.

Instruction 11 charged the operator of the car with the knowledge of anything that would have been disclosed by reasonable inspection of the brakes and braking system, had such reasonable inspection in fact been made. Unless the specific cause of the brake failure was known, this is a meaningless and confusing instruction to the jury. The defendant claimed the burden was on the plaintiff, who was alleging negligence on the part of the defendant, to show why the brakes failed. The plaintiff in turn claimed that inasmuch as it was the defendant who raised the defense of sudden brake failure, the burden of proof of showing the elements set forth in instructions 10 and 11 was that of the defendant.

On the motion for new trial, the court was convinced that it was error to instruct the jury on the defense of sudden brake failure when there was no evidence of what the cause of the brake failure was and what would

[1] Instruction 10. "You are instructed that where the brakes on an automobile have previously functioned properly, but suddenly fail to respond, their failure to respond does not render the driver guilty of negligence unless the driver knew or, in the exercise of reasonable care, should have known of the defective condition of his brakes."

[2] Instruction 11. "It is negligence for an operator of an automobile to operate such automobile along a public highway with knowledge that the braking system thereof is defective. In this connection, you are further instructed that, in law, an operator of an automobile is charged with actually knowing everything that would have been disclosed by a reasonable inspection of its brakes and braking system had such reasonable inspection, in fact, been made. An operator may not say that he was unaware of defects in the braking system, at the time of the failure thereof, if such defects were of such a nature as to be discoverable by a reasonable inspection of such braking system at any time before such failure."

have been disclosed by reasonable inspection of the brakes and braking system, had the inspection in fact been made. The court necessarily concluded that the burden of proof in this defense was on the defendant, not the plaintiff. It also concluded a new trial should be given for error in law committed at the time of trial for failure to grant plaintiff a directed verdict on the issue of liability.

Defendant contends that there was sufficient evidence to make sudden brake failure an issue of fact for the jury, and assigns error to the court's order granting a new trial and limiting it to damages only.

■ Was the defendant's explanation of how the brakes failed substantial evidence justifying submission of that issue to the jury? If it was not, plaintiff must prevail, for it is error to give instructions which are not supported by substantial evidence. *McCain v. Peterson,* 76 Wn.2d 288, 456 P.2d 359 (1969). Defendants argue that an operator of a motor vehicle is not an insurer, but is liable only for negligence. Therefore, the defendants can be held responsible only if defendant driver was negligent in failing to inspect and discover the defects. This is a question of fact, defendant contends, and it was properly submitted to the jury. In making this argument, the defendant overlooks the command of RCW 46.60.230 which requires vehicular traffic facing a traffic control signal showing "red" to stop. Drivers of both forward and following vehicles are equally governed by the signal light. *Brummett v. Cyr,* 56 Wn.2d 904, 355 P.2d 994 (1960).

■■ Plaintiff's duty to stop for the red light in obedience to the statute is undisputed. The defendant likewise had the positive duty as a matter of law to stop behind the car ahead. *Amon v. Lockett,* 66 Wn.2d 5, 400 P.2d 784 (1965). The defendant breached her duty to stop. A prima facie case of negligence was then established. Washington is committed to the majority rule that the violation of a positive statute or ordinance constitutes negligence per se. *Daley v. Stephens,* 64 Wn.2d 806, 394 P.2d 801 (1964); *Ward v. Zeugner,* 64 Wn.2d 570, 392 P.2d 811 (1964). However, the defendant was entitled to show justification or an

excuse for breach of her duty to stop. *Wood v. Chicago, M., St. P. & P. R.R.,* 45 Wn.2d 601, 277 P.2d 345, 283 P.2d 688 (1954-55); *Bissell v. Seattle Vancouver Motor Freight, Ltd.,* 25 Wn.2d 68, 168 P.2d 390 (1946); *Baldwin v. Washington Motor Coach Co.,* 196 Wash. 117, 82 P.2d 131 (1938). At this point, the burden of going forward with evidence justifying or excusing the statutory violation shifted to the defendant. She was required to come forward with evidence excusing her negligence. *Lee & Eastes, Inc. v. Continental Carriers, Ltd.,* 44 Wn.2d 28, 265 P.2d 257 (1953).[3]

When Mrs. Wright explained that the brakes did not function just prior to the collision so that she could not stop for the traffic light, she was offering an excuse or justification for her violation of the statute. But was this sufficient evidence to create an issue of fact? Our Supreme Court, in *American Prods. Co. v. Villwock,* 7 Wn.2d 246, 275, 109 P.2d 570, 132 A.L.R. 1010 (1941), stated with regard to the extent the defendant must go to in presenting excusatory evidence:

The extent to which he must go in that respect [coming

---

[3]Whether or not the burden of proof on the issue of justification or excuse also shifts is an unsettled question in Washington. WPI 60.01, p. 238 (1967), states in part:

However, it is not clear in Washington who has the burden of proof on the issue of justification or excuse. The Court, in Stanley v. Allen, 27 Wn.2d 770, 180 P.2d 90 (1947), unequivocally held that the party who relies on justification or excuse to absolve himself from the consequences of violation of a statute must plead and prove it, since such a plea creates a new issue, and is therefore an affirmative defense. The Washington Court, however, in the case of Lee & Eastes v. Continental Carriers, 44 Wn.2d 28, 265 P.2d 257 (1953), in holding to the contrary, said that the proof of violation of a statute only made out a prima facie or presumptive case of negligence, and therefore only shifted the burden of going forward with the evidence, but did not shift the burden of proof. In doing so, the Court relied on American Products Co. v. Villwock, 7 Wn.2d 246, 109 P.2d 570, 134 A.L.R. 1010 (1941), but did not mention Stanley v. Allen, supra.

It would seem the better rule would view a plea of justification as a plea of avoidance and require it to be pleaded as any other affirmative defense. This seems just and equitable, since such a plea brings in a whole new set of facts constituting a new issue which would not be brought to the attention of the opposing party under a general denial.

forward with evidence excusatory of his negligence] is only to the point of producing evidence sufficient to balance the scales upon that issue.

The trial court, in granting the motion for a new trial, in effect, determined that this evidence was insufficient, so that it was error to submit the issue to the jury. We agree.

Defendant argues that the issue is the reasonableness of the inspection she made of the brakes and that the jury should determine this. In making this argument, defendant fails to recognize that the jury must have facts presented to it regarding the nature of the defect causing the brakes to fail if it is to determine whether or not Mrs. Wright acted reasonably in whatever inspection she made of the braking system. For a jury to find that sudden brake failure excused the violation of the statute, it must find that the defect in the brake was latent, or if the defect was patent, it would not have been discovered by reasonable inspection, had such inspection been made. The jury could not, in the absence of any evidence on this subject, determine if a defect was latent or patent. Defendant's unsupported testimony that the brakes had functioned properly prior to the accident and then had suddenly failed for a reason unknown to her, would not permit a jury to determine whether or not she complied with the statutory standard set out in RCW 46.37.340,[4] et seq., or whether, in the exercise of reasonable care, she should have known of the defective condition of the brakes, for such determination would be dependent on knowing the nature of the defect and whether it would be discoverable by a reasonable inspection.

[4]"Brake equipment required. Every motor vehicle, trailer, semitrailer and pole trailer, and any combination of such vehicle operating upon a highway within this state shall be equipped with brakes in compliance with the requirements of this chapter.

"(1) Service brakes—adequacy. Every such vehicle and combination of vehicles, . . ., shall be equipped with service brakes complying with the performance requirements of RCW 46.37.351 and adequate to control the movement of and to stop and hold such vehicle under all conditions of loading, and on any grade incident to its operation."

In all cases in this jurisdiction cited to the court where the defense of sudden brake failure has gone to a jury, there has been physical evidence of some defect in the brake or braking mechanism. In the absence of such evidence, this defense is not tenable.

In the principal case relied on by the defendant, *Curtis v. Blacklaw*, 66 Wn.2d 484, 489, 403 P.2d 358 (1965), evidence was submitted by automotive experts that the flex line leading to the front wheel had been rubbing against the wheel. It was visibly scored and marked. There was no doubt that the scoring and wear on the flex line or hose would be visible on its exterior surface and any rupture in the line would destroy the braking system through the loss of the hydraulic brake fluid. Under these facts, the court said:

> If, without premonitory symptoms, the brakes suddenly fail and there is evidence that the defect whereof they failed was patent and noticeable, it then becomes a question of fact for the jury to decide whether the defect would have been discovered by the exercise of ordinary care and prudence.

Thus, a defendant claiming sudden brake failure must come forward with evidence as to the cause of the failure before the defense can be submitted to the jury. Defendant's testimony is not substantial evidence upon which an instruction could be based. *McCain v. Peterson*, 76 Wn.2d 288, 456 P.2d 359 (1969).

In granting a new trial, with issues limited to damages only, the trial court, of necessity, found that the defendant's negligence was the proximate cause of plaintiff's injury. The conduct of the defendant in violating the statute was undisputed and so clearly a proximate cause of the accident that no room remains for reasonable doubt or difference of opinion. *Mathers v. Stephens*, 22 Wn.2d 364, 156 P.2d 227 (1945). In such circumstances the trial court correctly decided the question of proximate cause as a matter of law.

The trial court's order granting a new trial, limited to damages only, is affirmed.

JAMES, C. J., and FARRIS, J., concur.