[No. 393-41196-1.     Division One—Panel 2.     February 8, 1971.]

DENNIS COURTRIGHT, SR., et al., Appellants, v. KENNETH R. YOUNGBERG et al., Respondents.

___

*Neil Hoff*, for appellants.

*Davies, Pearson, Anderson & Gadbow* and *Alvin A. Anderson*, for respondents.

Swanson, J.—This action arose out of an automobile collision at a controlled intersection in Tacoma, Washington. The Courtrights were traveling north on Union Avenue through an amber light when they were hit broadside by Youngberg who failed to stop for the blinking red light. After all the evidence had been presented, the trial judge granted a directed verdict for plaintiffs, the Courtrights. This was on the basis that Youngberg's only defense to his undisputed statutory violation of running a red light, an unforeseen loss of consciousness, was not substantiated by medical testimony. An $18,600 damage verdict was returned for the plaintiffs. The defendant Youngberg then moved for a new trial because of the failure of the trial judge to submit to the jury his defense of a sudden loss of consciousness. The trial court agreed it had erred, and a new trial was ordered. Courtrights appeal.

Respondent Youngberg was negligent per se for failure to stop at the red light.[1] Hence, he has the burden of presenting evidence to justify his violation of the statute. *Lee & Eastes, Inc. v. Continental Carriers, Ltd.*, 44 Wn.2d 28, 265 P.2d 257 (1953); *Stanley v. Allen*, 27 Wn.2d 770, 783, 180 P.2d 90 (1947). *See also Goldfarb v. Wright*, 1 Wn. App. 759, 763 n.3, 463 P.2d 669 (1970). Respondent contends that the defense of sudden unforeseeable loss of consciousness as defined in *Kaiser v. Suburban Transp. Sys.*, 65 Wn.2d 461, 466-68, 398 P.2d 14, 401 P.2d 350 (1965),[2]

---

[1] RCW 46.61.065 (1) (a); ordinance 11.38.110 of the city of Tacoma.

[2] *Kaiser* states: "A driver who becomes suddenly stricken by an unforeseen loss of consciousness, and is unable to control the vehicle, is not chargeable with negligence. [Citations omitted.]" 65 Wn.2d at 466.

applies here. Appellants argue that the testimony presented does not constitute substantial evidence of a sudden loss of consciousness, and so this defense was properly withheld from the jury. We agree.

What evidence did the respondent present? He did not deny that he proceeded into the intersection against the red light and collided with the Courtright vehicle. He testified on direct examination that he recalled crossing the railroad tracks three blocks from the intersection, and said, "[F]rom then on, as I said before, I do not remember what happened except that I was in an accident when I came to." He also indicated that he received a bump on the head from the accident, and when asked, "Were you knocked unconscious?" answered, "I am sure I was, although I didn't know, . . ." Investigating police officers indicated that Youngberg appeared to be dazed after the accident and seemed to have no recollection of what happened. Another witness testified that the Youngberg car approached the intersection at a high rate of speed on the inside lane. Youngberg claims that he had "intended to turn right" at the intersection.

■ ■ However, all this evidence shows is that Youngberg does not remember *what* happened, not *why* he does not remember. His loss of recollection might be from the bump on the head received during the accident which caused retrograde amnesia,[3] leading him to believe that he had merely lost consciousness. Both amnesia and unconsciousness are consistent with his statement that he does not remember what happened. The most that can be said is that there is a possibility that the failure to recall what happened was due to a loss of consciousness before the accident. But to reach this conclusion would be pure speculation unsupported by substantial evidence. The trial court was correct in refusing to submit the issue of unconsciousness to the jury and in granting a directed verdict, for as

---

[3]There was no evidence presented on the possibility of retrograde amnesia except for a comment by Youngberg while on the stand that a medical doctor had told him that his inability to recall the event was not due to retrograde amnesia.

stated in *Arnold v. Sanstol*, 43 Wn.2d 94, 99, 260 P.2d 327 (1953),

> A verdict cannot be founded on mere theory or speculation. If there is nothing more tangible to proceed upon than two or more conjectural theories, under one or more of which a defendant would be liable, and under one or more of which there would be no liability upon him, a jury will not be permitted to conjecture how the accident occurred. [Citations omitted.]

Further, it is error to give instructions which are not supported by substantial evidence. *McCain v. Peterson*, 76 Wn.2d 288, 292, 456 P.2d 359 (1969). Even though the trial court refused to submit the respondent's defense of a sudden unforeseeable loss of consciousness to the jury because of a mistaken belief that respondent's testimony must be supported by medical evidence, the directed verdict must nevertheless stand. *Northwest Collectors, Inc. v. Enders*, 74 Wn.2d 585, 595, 446 P.2d 200 (1968):

> This was not the ground assigned by the trial court for its decision. However, the trial court can be sustained on any ground within the proof. [Citation omitted.]

The order granting a new trial is vacated, and the trial court is directed to reinstate the verdict.

FARRIS, A.C.J., and JAMES, J., concur.

Petition for rehearing denied March 31, 1971.