Leslie J. KAHLER, Appellant
(Plaintiff below),

v.

Frank MARTIN, a/k/a F. Martin,
Appellee (Defendant below).

No. 4722.

Supreme Court of Wyoming.

Nov. 2, 1977.

Louis A. Mankus, Cheyenne, for appellant.

Elery Wilmarth, of Fischer & Wilmarth, Fort Collins, Colo., and Charles E. Graves and Patrick E. Hacker of Graves & Hacker, Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

The only question raised by this rear-end collision case is whether the jury's verdict, finding the plaintiff-preceding-driver negligent and the defendant-following-driver free from negligence, is supported by the evidence.

We will affirm.

Plaintiff-appellant testified that he was driving west on 16th Street in Cheyenne, Wyoming, on December 9, 1974, at about 5 p. m. He was in the inside lane of this four-lane street, intending to pick up his daughter at the Village Inn. The testimony of defendant is that he, too, was driving in the inside lane and saw the plaintiff's car two cars ahead of him. At this point, according to appellee-defendant, the two intervening cars passed the plaintiff's car on the right, whereupon he continued following plaintiff's car at a distance of some twenty feet, while traveling at approximately twenty-five miles per hour. As the two vehicles approached the Village Inn, which was in the middle of the block on the south side of the street, defendant heard a yell from near the Village Inn and glanced in that direction. When defendant looked back in front of him, he observed plaintiff come to an "abrupt stop," while simultaneously turning on his left-turn signal. Defendant, in an effort to avoid a collision, applied his brakes, but was unable to stop before striking the plaintiff's vehicle.

Plaintiff's version of the facts was different than the defendant's. According to the plaintiff, he had come to a complete stop in

front of the Village Inn and, with his turn-signal operating, waited some five minutes for the east-bound traffic to clear. During this wait, he observed three following cars signal and pass him on the right. He then observed defendant's car in his rear-view mirror about a block behind him. He soon heard his daughter yell, "Look out, Dad," immediately after which he experienced the impact.

There were twenty-five feet of skid marks left by defendant's car before impact and three feet after impact. There were no marks left by plaintiff's car, either before or after impact.

■ Based upon these relevant facts and the only issue raised by the plaintiff on appeal, our sole task is to determine whether or not there is sufficient evidence to support the jury's verdict for the defendant. In deciding this question, we reiterate the age-old appellate rule which compels that we assume the evidence in favor of a successful party to be true, leave out of consideration entirely evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. *Laramie Rivers Company v. Pioneer Canal Company,* Wyo., 565 P.2d 1241.

It is stated in 2 Blashfield Automobile Law and Practice, § 113.2, at 673–674 (3rd Ed. 1965):

> "Ordinarily the question of negligence or who is at fault in a collision involving leading and following vehicles, as where one motor vehicle strikes another in the rear, is a question of fact for the jury unless the evidence is undisputed and subject to but one reasonable inference, or legally insufficient to raise a question of fact for the jury. So the question whether the leading or following motorist was contributorily negligent is ordinarily a question for the jury. . . ."
> [Footnotes omitted]

See *Altenburg v. Sears,* 249 Md. 298, 239 A.2d 569, 573; and *Gaulin v. Templin,* 162 Colo. 55, 424 P.2d 377, 379. The Washington Court of Appeals, in *Rhoades v. DeRosier,* 14 Wash.App. 946, 546 P.2d 930, 933, stated the applicable principles as follows:

> "A following driver, however, is not negligent as a matter of law simply because the preceding vehicle has been struck from the rear. The preceding driver may not act in an unusual, unexpected manner that reasonably could not be anticipated. Such conduct by a preceding driver may preclude finding·the following driver negligent as a matter of law. *Vanderhoff v. Fitzgerald,* 72 Wash.2d 103, 431 P.2d 969 (1967); *James v. Niebuhr,* 63 Wash.2d 800, 389 P.2d 287 (1964); *Ryan v. Westgard,* 12 Wash.App. 500, 530 P.2d 687 (1975). If substantial evidence suggests unusual conduct by the preceding driver which should not have been anticipated, then the negligence of the following driver and the contributory negligence of the preceding driver are questions of fact. It is for the jury to decide whether the circumstances were such that a sudden stop was to be anticipated. It is also for the jury to decide from the evidence whether negligence on the part of the preceding driver proximately contributed to the injury. *Bonica v. Gracias,* supra; *Amon v. Lockett,* supra 66 Wash.2d at 7, 400 P.2d 784; *Ryan v. Westgard,* supra."

See also, Annotation 29 A.L.R.2d 5, "Sudden or unsignalled stop or slowing of motor vehicle as negligence" (1953).

In *Jackson v. W. A. Norris, Inc.,* 54 Wyo. 403, 93 P.2d 498, 501, we accepted with approval the rule of *Jacobs v. Moniz,* 288 Mass. 102, 192 N.E. 515, 517, saying:

> " ' . . . "One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable." (citations) . . . ' "

We recently cited this rule with approval in *Timmons v. Reed,* Wyo., 569 P.2d 112, 121.

This record contains evidence from which the jury could reasonably conclude that there was an unwarranted, sudden and abrupt stopping by the plaintiff, which the defendant could not have anticipated, and under these circumstances the jury could conclude—as it did—that the plaintiff was negligent and the defendant was free from negligence.

The jury is, of course, the sole judge of the credibility of witnesses. It was not required to accept the plaintiff's version of the facts, and clearly did not do so.

We find no basis in the record to conclude that the defendant's testimonial evidence was contrary to the physical facts, or that the jury's verdict was based on mere conjecture, as was the case in *Oeland v. Neuman Transit Company*, Wyo., 365 P.2d 806; and *Brasel & Sims Construction Co. v. Neuman Transit Co.*, Wyo., 378 P.2d 501. Therefore, the judgment of the trial court entered on the jury's verdict is affirmed.

Affirmed.