589 P.2d 212

**Eleanora T. MURPHY and Kevin P. Murphy, Individually and as next friend for and on behalf of Theresa Gail Murphy, Plaintiffs-Appellants,**

v.

**Edward J. FRINKMAN, Defendant-Appellee.**

**No. 3304.**

Court of Appeals of New Mexico.

Dec. 19, 1978.

Ron H. Ricks and John D. Donnell; Zinn & Donnell, Santa Fe, for appellants.

Russell W. Ruud; Ruud & Wells, P. A., Albuquerque, for appellee.

## OPINION

SUTIN, Judge.

This is just another rear end collision case in which plaintiff was driving the forward car, and defendant operated the car following plaintiff. The jury returned a verdict for defendant and plaintiffs appeal from the judgment entered. We affirm.

A. *Facts most favorable to defendant.*

Plaintiff and defendant were driving north in the left hand lane of San Mateo Boulevard in Albuquerque. The speed limit was 40 miles per hour. Both cars were travelling at about 34 miles per hour. Traffic was heavy and moving rapidly. As plaintiff and defendant approached the intersection with Montgomery Boulevard, the traffic light was green. When plaintiff's car was about 50 yards from the intersection, it decelerated. When it was 30 to 40 yards from the intersection, its brake lights "flashed" on and off in a second. At this moment, both vehicles were close to the intersection and defendant believed plaintiff's car would turn left in the left turn bay. When plaintiff proceeded past the turn bay, the light was still green and defendant assumed plaintiff would proceed directly ahead through the intersection. The light turned yellow and plaintiff's car stopped abruptly even though plaintiff had sufficient time to drive through the intersection. At the moment of plaintiff's sudden stop, defendant was about 30 feet behind plaintiff. Defendant sought to swerve into the right hand lane but was prevented from doing so because of a car in that lane. (The car in the right lane proceeded through the intersection). Defendant slammed on his brakes and stopped simultaneously with, or a split second after plaintiff's car stopped, barely bumping it forward about a car length.

Negligence, contributory negligence and causation were submitted to the jury. At the close of the case, plaintiffs did not move for a directed verdict. On appeal plaintiffs' primary contention is the insufficiency of the evidence to support the jury's verdict.

B. *Plaintiffs are without grounds to challenge the sufficiency of the evidence.*

We hold that plaintiffs are without grounds to challenge the sufficiency of the evidence. The failure to move for a directed verdict precludes plaintiffs from challenging the sufficiency of the evidence on appeal. Having accepted the submission of the issues to the jury, the same became the law of the case. *Nally v. Texas-Arizona Motor Freight, Inc.*, 69 N.M. 491, 368 P.2d 806 (1962); *Bryan v. Clovis*, 54 N.M. 235, 220 P.2d 703 (1950); *Martinez v. Schmick*, 90 N.M. 529, 565 P.2d 1046 (Ct.App.1977), Sutin, J., dissenting.

We might well rest our opinion on that rule and decline to examine the law of the case further. However, the flow of rear end cases, this one being a "yellow light" intersection case, leads us to believe that a complete review is essential.

C. *Negligence and contributory negligence in ordinary rear end collisions applies to "yellow light" cases.*

It has often been said that negligence, contributory negligence and causation are

questions for the trier of the facts and not a question of law. *Williams v. Neff*, 64 N.M. 182, 326 P.2d 1073 (1958); *Proctor v. Waxler*, 84 N.M. 361, 503 P.2d 644 (1972). Even in rear end collisions, it has been said "that questions concerning a defendant's negligence and a plaintiff's contributory negligence are usually questions of fact and should be withdrawn from the jury only in rare cases." *Rhoades v. DeRosier*, 14 Wash. App. 946, 546 P.2d 930, 933 (1976).

Among these rare cases only one exists in New Mexico. In *Kight v. Butscher*, 90 N.M. 386, 564 P.2d 189 (Ct.App.1977), (Sutin, J., dissenting), *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977). Judgment for defendant was reversed and the case was remanded to the district court for a new trial. The majority opinion held:

(1) "[T]here was no evidence adduced showing any negligence on the part of the plaintiff; consequently the issue of contributory negligence should not have been submitted to the jury." [90 N.M. at 389, 564 P.2d at 192.]

(2) It was reversible error to instruct the jury with reference to a statute affecting intersections in a rear end collision case that occurred 40 feet east of the intersection.

See also, *Turner v. McGee*, 68 N.M. 191, 360 P.2d 383 (1961).

What is meant by "certiorari denied?" In *Brown v. Allen*, 344 U.S. 443, 497, 73 S.Ct. 397, 441, 97 L.Ed. 469 (1953), Mr. Justice Frankfurter, the leading authority on procedural matters, said:

And so we conclude that . . . denial of certiorari cannot be interpreted as an "expression of opinion on the merits."

Certiorari was denied in *Kight* because an erroneous instruction was submitted to the jury.

As already indicated, the vast majority of rear end collision cases have uniformly held that negligence and contributory negligence are matters to be determined by the trier of the fact and judgments should not be disturbed on appeal. *Romero v. Melbourne*, 90 N.M. 169, 561 P.2d 31 (Ct.App.1977); *Sandoval v. Cortez*, 88 N.M. 170, 538 P.2d 1192 (Ct.App.1975); *Fierro v. Murphy*, 85 N.M. 179, 510 P.2d 112 (Ct.App.1973); *May v. Baklini*, 85 N.M. 150, 509 P.2d 1345 (Ct.App. 1973); *Tafoya v. Whitson*, 83 N.M. 23, 487 P.2d 1093 (Ct.App.1971); *Goodman v. Venable*, 82 N.M. 450, 483 P.2d 505 (Ct.App. 1971); *Boyd v. Cleveland*, 81 N.M. 732, 472 P.2d 995 (Ct.App.1970).

Plaintiff relies on *Brock v. Boss*, 416 S.W.2d 456 (Tex.Civ.App.1967); *Felder v. City of Tacoma*, 68 Wash.2d 726, 415 P.2d 496 (1966); *Amon v. Lockett*, 66 Wash.2d 5, 400 P.2d 784 (1965); *Brummett v. Cyr*, 56 Wash.2d 904, 355 P.2d 994 (1960); and *Bernstein v. Crossman*, 172 So.2d 462 (Fla. App.1965). These cases involved rear end collisions at intersections controlled by traffic lights. In each case, the forward vehicle approached or appeared to enter the intersection when the light was yellow or turned to yellow and then stopped. It was struck by the vehicle following. Each case was submitted to the jury on negligence, contributory negligence and causation as issues of fact.

█ We point to this tautological history to emphasize that in rear end collision cases negligence, contributory negligence and causation, except in rare cases, are questions of fact for the jury and not matters of law for the court. We hope to dispel the myth that liability is consistently imposed as a matter of law on the driver of a car "rear-ending" a car in front of it; that justice is denied because the driver's story is improbable. The front driver should not overlook the shrewd proverbial admonition that, before a trier of fact, sometimes truth is stranger than fiction.

█ However, the primary duty of avoiding a collision does rest with the driver of the second car; he is negligent unless an emergency or unusual condition such as a sudden stop exists. Under certain conditions, a driver is required to foresee the likelihood of a sudden stop of a preceding car.

In *Romero, supra,* we said:

Whether Romero stopped too suddenly is a question of fact for the jury. [90 N.M. at 171, 561 P.2d at 33.]

■ Whether the circumstances were such that a sudden stop *or decrease in speed* should have been anticipated rests with the jury. *Ryan v. Westgard,* 12 Wash.App. 500, 530 P.2d 687 (1975); *Rhodes, supra; Ray v. Cyr,* 17 Wash.App. 825, 565 P.2d 817 (1977); *Kahler v. Martin,* 570 P.2d 720 (Wyo.1977).

■ When a case is appealed on the question of substantial evidence, there are two factors to be considered: (1) relevant facts and (2) credibility of witnesses.

A pertinent fact in this case upon which the jury was instructed was § 4.33 of the Traffic Code of the City of Albuquerque. It reads:

No person shall suddenly stop or suddenly decrease the speed of a vehicle thereby endangering any other vehicle, person, or property without good cause.

We adopt the language in *Kahler, supra* :

This record contains evidence from which the jury could reasonably conclude that there was an unwarranted, sudden and abrupt stopping by the plaintiff, which the defendant could not have anticipated, and under these circumstances the jury could conclude—as it did—that the plaintiff was negligent and the defendant was free from negligence. [570 P.2d at 722.]

This conclusion was also reached in "yellow" light cases. *Bernstein, supra; Amon, supra.*

Relevant facts, when clearly illustrated and properly interpreted, *become the strongest witness that appear in a court of law* ; they stand silent but unassailable. They are not injured by cross-examination. [Emphasis added.] Osborn, The Problem of Proof 1 (2d Ed. 1926).

■ Defendant established the "relevant facts" pertinent to his defense.

A "credible witness" is nothing more than a witness whom the jury gives credit for telling the truth. *Territory v. Garcia,* 12 N.M. 87, 75 P. 34 (1904). After hearing witnesses testify, the jury tests the credibility of the witness. They may disbelieve either party. From facts presented, the jury can determine that one or both parties were negligent. The basis of the jury verdict is unknown unless special interrogatories are requested. The trier of facts, not this Court, is the sole judge of credibility of witnesses. UJI 17.5; *Dungan v. Smith,* 76 N.M. 424, 415 P.2d 549 (1966). The jury believed defendant.

We must accord the jury verdict its broadest scope; in this case, that defendant was not negligent.

As credibility is unavoidably involved, we will not disturb the jury's verdict.

D. *Passenger in plaintiff's car cannot recover.*

■ Plaintiff's daughter was a passenger in plaintiff's car. She was not contributively negligent. However, defendant's freedom from negligence bars her recovery. *See, Romero, supra.*

E. *Eliciting testimony regarding injuries is irrelevant on this appeal.*

Plaintiff, Kevin Murphy, is the husband of Eleanora T. Murphy, the driver of the forward car. Kevin was not a witness to the accident and was called to the scene after the accident occurred. He testified about the injuries to Eleanora and damages to the Murphy car. On cross-examination, defendant interrogated Kevin over objection regarding the preparation of joint tax returns filed by the Murphys. This testimony had no bearing on the issues of liability. In arriving at a verdict of non-liability, testimony on the matter of damages is irrelevant. "A ruling as to the admission or rejection of such evidence, in the face of the verdict of the jury, would not constitute error, regardless of its character." *Cunningham v. Springer,* 13 N.M. 259, 289, 82 P. 232, 239 (1905), *aff'd,* 204 U.S. 647, 27 S.Ct. 301, 51 L.Ed. 662, 9 Ann.Cas. 897; *Crouch v. Most,* 78 N.M. 406, 432 P.2d 250 (1967).

■ The rule is uniform that where the issue of liability is determined by the jury

adversely to the plaintiff, the admission or rejection of evidence of injuries and damages is immaterial or harmless error. It becomes unnecessary for the trier of the fact to resolve the issue of injury or damages. *Lewyn v. Morris*, 135 Ga.App. 289, 217 S.E.2d 642 (1975); *Millsap v. Williamson*, 294 Ala. 634, 320 So.2d 649 (1975); *Patterson v. Burt*, 213 Kan. 463, 516 P.2d 975 (1973); *Larson v. Puyallup School District No. 3*, 7 Wash.App. 736, 502 P.2d 1258 (1972); *Crosby v. Smith*, 13 Ariz.App. 243, 475 P.2d 728 (1970); *DiMaio v. Del Sesto*, 102 R.I. 116, 228 A.2d 861 (1967).

F. *Granting a new trial is discretionary.*

Finally, plaintiffs argue that the district court had a duty to grant a motion for a new trial where the evidence was insufficient to support a jury verdict. This point is without merit. In any event, the granting or denial of a motion for a new trial rests within the sound discretion of the trial court whose ruling will not be disturbed in the absence of a clear abuse of discretion. *Martinez v. Schmick, supra.* There was no abuse of discretion.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., concurring in result only.

LOPEZ, J., concurs.