[No. 23491.   Department One.   May 4, 1932.]

L. L. STUBBS *et al., Respondents and Cross-appellants,*
v. OTIS R. ALLEN *et al., Appellants,* SNOHOMISH
COUNTY, *Respondent.*[1]

[1]Reported in 10 P. (2d) 983.

*Bogle, Bogle & Gates, Sidney A. Moss,* and *Newton & Newton,* for appellants.

*Black & Rucker,* for respondents Stubbs *et al.*

*Charles R. Denney,* for respondent Snohomish. County.

MITCHELL, J.—This action for damages arose out of an automobile accident on a paved highway near Arlington, September 9, 1930. Generally speaking, the evidence showed that Mr. and Mrs. Stubbs, the plaintiffs, were driving north on their right-hand side of the pavement. Mrs. Marjorie Allen, one of the defendants, was driving a car belonging to her and her husband south on the pavement, being accompanied by Mrs. Bath.

The county of Snohomish, engaged in repairing the highway, had that day laid an asphalt patch on the pavement, the patch extending from the west side nearly to the center of the pavement, upon which the road foreman had placed several two by four sticks of timber extending out from the west side to nearly the center of the pavement. The two automobiles approached this point at the same time, and Mrs. Allen's car was suddenly turned to her left to avoid hitting the timbers, according to some of the testimony, or, after striking the timbers, was suddenly and accidentally turned or swerved to her left, according to her testimony, causing her car to run over to the east side of the pavement into collision with plaintiffs' car, severely injuring Mrs. Stubbs and damaging plaintiffs' automobile.

The action was brought against Mr. and Mrs. Allen and the county of Snohomish, charging that each and both were guilty of negligence causing the injuries and damages complained of. Mr. and Mrs. Allen were charged with liability because she drove in a careless, negligent and reckless manner, without proper lookout and at an excessive rate of speed, and that, partly because of her negligence and partly because of the negligence of Snohomish county, the automobile she was driving "swung, skidded or swerved" into the easterly half of the pavement, causing the collision; while the county was charged with negligently leaving obstructions, of the kind already referred to, on the westerly side of the highway at or about the point of the collision, upon which there were no lights or other warnings.

The answer of Mr. and Mrs. Allen consisted of general denials, and to the same effect was the answer of the county. None of the defendants, by pleading or proof, complained of any negligence on the part of the plaintiffs or either of them.

The verdict of the jury was for the plaintiffs and against Mr. and Mrs. Allen, but in favor of the county. Judgment was entered upon the verdict. Mr. and Mrs. Allen have appealed from the judgment against them. The plaintiffs have appealed because of the refusal of the trial court to give them judgment or a new trial against the county.

We consider first the appeal of Mr. and Mrs. Allen. First, it is claimed the court erred in allowing Mr. Stubbs to testify concerning the speed of appellants' car. He testified that he saw the approach of the car from a point half a mile distant, and that it was going sixty miles an hour before swerving across the pavement, and forty miles an hour at the time of

the impact. While he did say that he didn't know if he had had occasion to judge the speed of cars, he further said that he had driven a car for ten years. He was a party to the action, and, under all of the circumstances, there was, in our opinion, no error in permitting his testimony concerning the speed of appellants' car.

The next assignment arises over the admission of the testimony as to skid marks at the scene of the accident, observed quite a while after the accident occurred. But the exact place, courses and distances of the marks, considered in connection with the dry weather conditions and other circumstances affecting the subject, relieve the admission of the testimony objected to of any reasonable claim of error, and further the evidence, being otherwise proper, was admissible as having a reasonable bearing on the question of the speed of appellants' car.

The trial court failed to instruct the jury upon the subject of speed limit. The statute upon the subject of speed, Laws of 1927, p. 770, § 3 (Rem. 1927 Sup., § 6362-3), provides in part for specific speed limits, different from forty miles an hour, at specified places, different from the kind of place at which this accident occurred. The first subdivision of the statute provides:

"Every person operating or driving a vehicle of any character upon a public highway of this state shall drive the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of the traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface and freedom of obstruction to view ahead, and so as not to unduly or unreasonably endanger the life, limb, property or other rights of any person entitled

to the use of the street or highway and in no event at a speed greater than forty miles an hour.''

It was under this subdivision of the statute that appellants asked that the jury be instructed as follows:

''You are instructed that at the time and place in question, the defendant, Marjorie Allen, had a right to operate the automobile in question at a rate of speed of forty miles per hour, if the same was reasonable under all the surrounding circumstances.''

One of the specific charges of negligence against the appellants was excessive rate of speed, and while respondents' proof showed that it was more than forty miles an hour until just at the moment of the collision, the testimony of Mrs. Allen and Mrs. Bath was that they were going at not more than thirty-five miles an hour at any time. The requested instruction was drawn under the applicable portion of the statute, and failure to give it, as requested or in substance, constituted reversible error.

Error is assigned upon the refusal of the court to give five instructions requested by the appellants upon the subject of an emergency presented to Mrs. Allen upon her observing the obstructions on the pavement. There was no error in this respect. Upon referring to the obstructions and her observation of them, she testified: ''I hit it and saw it at the same time.'' She was corroborated in this by similar testimony of Mrs. Bath.

Several requests of the appellants for instructions to the jury on the subject of the amount of care required by the county in keeping its highways reasonably safe for travel were refused, upon which refusal assignments of error are based. The assignments of error are without merit, because the court gave an instruction upon the subject that was sufficient.

Contrary to appellants' contention, there was abundant substantial evidence to take the case to the jury on the charges of negligence against them.

A number of other assignments of ·error on this appeal require no discussion, because of the views already expressed herein.

■ On the appeal of Mr. and Mrs. Stubbs, it is assigned that the court erred in not entering judgment in their favor against the county in the amount of the verdict against the other defendants, notwithstanding the verdict in favor of the county. The amount awarded by the jury for injuries and damages sustained by these appellants was well within the proof, but whether the county should be held liable under the facts and circumstances in this case was, in our opinion, a question for the jury. Especially so because of the conflict in the evidence as to the amount and particular location of the obstructions on the pavement in relation to the exact point at which the collision occurred, and also because, while there was considerable evidence that the collision occurred in the evening just after dark, there was, nevertheless, substantial evidence that, at the time it occurred, it was quite light enough to see the obstructions without the aid of artificial lights, the road at that point in approaching the obstructions being straight for nearly a mile.

■ The next and last assignment of error on this appeal rests on the denial of a motion for a new trial against the county. While several statutory grounds are mentioned in the motion, reliance seems to be had mainly upon the alleged grounds of newly discovered evidence. There were affidavits and counter-affidavits filed upon this subject which were considered by the trial court, and in this, as well as other features of the motion relied on, we find no substantial contention that

takes the question out of the discretion of the trial court. There appears to be no error in denying the motion of the appellants for a new trial against the county.

Reversed on the appeal of Mr. and Mrs. Allen, for error in not giving the requested instruction on the subject of the speed limit at the time and place of the accident, with directions to the trial court to grant a new trial. Affirmed as to the appeal of Mr. and Mrs. Stubbs against the county.

TOLMAN, C. J., PARKER, HERMAN, and BEELER, JJ., concur.

