[No. 34210. Department One. November 7, 1957.]

HOMER E. TROSPER et al., *Respondents*, v. J. M. HEFFNER et al., *Appellants*.[1]

*Horton & Wilkins*, for appellants.

*Charles T. Morbeck*, for respondents.

MALLERY, J.—This is an action for personal injuries arising out of a rear-end automobile collision occurring in Richland, Washington, at about three-thirty p. m. on November 3, 1955.

Mrs. W. G. Trosper, hereinafter referred to as if she were the sole plaintiff, was riding as a guest in the front seat of Mrs. C. W. Shipman's Chevrolet. The defendants are Philip

[1] Reported in 317 P. (2d) 530.

Heffner, a minor, and his parents, whose joinder was based on the family-car doctrine.

The collision occurred at an intersection. Mrs. Shipman was driving east on Swift boulevard and stopped at the stop sign at George Washington way. The plaintiff's theory of the case was that the defendant driver negligently ran into the rear of Mrs. Shipman's car and thereby caused an aggravation of plaintiff's chronic back ailment.

The defendants' theory was that the rear collision occurred when Mrs. Shipman, after first stopping at the stop sign, started up to make a right-hand turn and suddenly stopped again, thereby throwing the plaintiff forward into the dashboard and injuring her knee and leg, for which injuries, incidentally, the plaintiff makes no claim against the defendants.

The impact, under all of the evidence, was slight and the car damage small. The jury found for the defendants.

The trial court granted the plaintiff's motion for a new trial and, by reference, incorporated into the order its memorandum opinion. From them both we glean the following reasons for the order, from which the defendants appeal.

Counsel for the appellants had informed the jury he was defending the action on behalf of the appellants' insurance company.

■ This is the reverse of the usual situation where a plaintiff brings such knowledge to a jury, and a defendant is prejudiced thereby. We know of no reason why a plaintiff would be prejudiced by such an action on the part of a defendant, particularly since an error is not usually prejudicial to both parties. In any event, it will not support an order granting a new trial.

■ The trial court concluded, upon the motion for a new trial, that the jury should have been instructed, as a matter of law, that the appellant minor was negligent and that the family-car doctrine was applicable to the case. However that may be, the respondent took no exception to the court's instructions upon these points. Accordingly, they became the law of the case. *Peterson v. King County,*

45 Wn. (2d) 860, 278 P. (2d) 774. Instructions which have become the law of the case do not support an order granting a new trial.

▪ ██  One of the grounds urged in the motion for a new trial was that of newly discovered evidence in the nature of a garage estimate as to the cost of repairs to the Chevrolet in which respondent was riding. If produced upon a new trial, it would merely impeach the repairman's testimony. In *Nelson v. Placanica*, 33 Wn. (2d) 523, 206 P. (2d) 296, we said:

"To justify granting a new trial on the ground of newly discovered evidence, the following requirements must be satisfied: (1) The new evidence will probably change the result if a new trial is granted. [Citing cases.] (2) It must have been discovered since the trial. (3) It could not have been discovered before the trial by the exercise of diligence. [Citing cases.] (4) It is material to the issue. [Citing case.] (5) It is not merely cumulative [citing cases] or *impeaching.* [Citing cases.]" (Italics ours.)

██  Because of the garageman's estimate and for other unspecified reasons, the trial court thought the jury should have believed that the impact of the automobiles was greater, and the injury to the respondent more severe, than the verdict indicated. These are questions of fact. It is for the court to say, as a matter of law, when evidence is insufficient to support a verdict. It is for the jury to believe the evidence it chooses when it is merely conflicting, as in the instant case.

The order granting a new trial is reversed.

HILL, C. J., FINLEY, WEAVER, and OTT, JJ., concur.

---

December 20, 1957. Petition for rehearing denied.