[No. 36052. Department Two. August 3, 1962.]

MARY E. WOLD, *Respondent*, v. WILLARD JONES *et al.*, *Appellants.*\*

\*Reported in 373 P. (2d) 805.

*Edwin R. Johnson,* for appellants.

*Harold Tollefson* (of *Tollefson & Tollefson*), for respondent.

DONWORTH, J.—This is an appeal from a judgment entered in favor of the plaintiff (respondent)[1] in an action in tort arising out of an automobile collision which ocurred at an uncontrolled intersection in the city of Tacoma. The trial court directed a verdict for respondent on the issue of liability, and dismissed appellant's counterclaim. The issue of damages was submitted to the jury, which returned a verdict including pain and suffering, lost income, future medical expense, and compensation for respondent's loss of use of his automobile.

The accident took place at the intersection of South L Street (which runs north and south) and South 13th Street (which runs east and west), at 9 a. m., November 1, 1958. A tar strip served as the center line for each street.

Appellant, the disfavored driver, was driving west along South 13th Street, and respondent, the favored driver, was driving south on South L Street, when the two vehicles collided in the intersection.

It is unnecessary to give further details of the accident. Appellant, at the trial, testified that he had not crossed the center line of South L Street, and had, therefore, yielded to respondent all of the right of way to which respondent was entitled. Certain other allegations of negligence and contributory negligence on the part of respondent were also made by appellant. These will be briefly discussed at a later point in this opinion.

After the court directed a verdict as to liability, the case went to the jury. Evidence had been presented from which the jury could find that respondent had sustained a permanent physical injury. Respondent had prayed for a total of $40,717.50 in damages. The jury returned a verdict in favor of respondent in the sum of $7,500.

---

[1]Subsequent to the entry of judgment, respondent died and his widow was substituted in his stead.

Appellants moved for a judgment n.o.v. or, in the alternative, for a new trial. The motion was denied and judgment was entered on the verdict, from which appellants have appealed.

In their assignments of error, appellants claim that:

"The trial court erred:

"1. In failing to remove from the Jury's consideration Respondent's claim of loss of income.

"2. In failing to remove from the Jury's consideration Respondent's claim of loss of use of automobile.

"3. In failing to remove from the Jury's consideration Respondent's claim as to future medical treatment and expense.

"4. In dismissing Appellants' cross-complaint.

"5. In directing a verdict on the liability.

"6. In entering judgment upon the verdict."

Rule on Appeal 43, RCW Vol. 0, provides that:

" . . . No error assigned to the inclusion, omission, sufficiency, or insufficiency of an instruction or instructions, given or not given, will be considered unless such instruction or instructions, as the case may be, shall be set out in the brief in full. . . ."

■ Since the first three assignments relate to the giving, or failure to give, of certain instructions, none of which are set out in the brief, they cannot be considered. See *State v. Hinkley,* 52 Wn. (2d) 415, 325 P. (2d) 889 (1958), and *DeLonge v. Richfield Oil Corp.,* 35 Wn. (2d) 803, 215 P. (2d) 701 (1950).

The final three assignments of error present one question: Did appellants present sufficient evidence to be entitled to have the issue of liability decided by the jury?

It is true that:

"No discretion is involved in ruling on a motion for a directed verdict. Such motion may be granted only where there is, as a matter of law, no evidence or reasonable inference therefrom to support the view of the party against whom the motion is made. . . ." *Bailey v. Carver,* 51 Wn. (2d) 416, 319 P. (2d) 821 (1957).

■ However, the word "support" in the above quotation refers to that evidence which would support a jury verdict. If there is not substantial evidence adduced at the trial which is legally sufficient to support a jury verdict in favor of the party opposing a motion for directed verdict, the motion must be granted. "This court has refused to follow some other courts in holding that a scintilla of evidence is sufficient to carry a case to the jury." *Knight v. Trogdon Truck Co.*, 191 Wash. 646, 653, 71 P. (2d) 1003 (1937).

■ In this case there is only the self-serving testimony of appellant—the disfavored driver—that his car had stopped before crossing the center line. His testimony was admittedly based on his observations of the car made after the accident, at which time, according to appellant, his front bumper was "plumb-bob" above the center line. Appellant did not testify that respondent was on the wrong side of the street, but said that:

" . . . he was on his side of the road more or less. . . . There may have been a wheel over the center line of the road, or it may not have been, but I believed him to be there . . . ."

Appellant's testimony that he stopped at the center of the road, and did not cross into respondent's lane, is directly contradicted by three witnesses and by physical evidence. The three witnesses, including respondent, a disinterested policeman who made a written report on the spot, and the disinterested owner of a third car (which was struck by respondent's car after the collision), all testified that the front wheels of appellant's car straddled the center line.

Pictures taken at the scene of the accident show the dent in respondent's car. These pictures indicate that the impact centered on the center post on the left side of respondent's car. There were no scrape marks elsewhere on respondent's car. The pictures alone show the complete incredibility of appellant's testimony that he had stopped at the center line and that respondent had swerved into him.

Considering all of the evidence and giving all of the reasonable inferences that can be drawn from appellant's unsupported testimony, we conclude that appellant did not

present more than a scintilla of evidence that his car did not cross the center line and certainly he did not present substantial evidence which would support a jury verdict in his favor on that issue. *Cf. Day v. Frazer,* 59 Wn. (2d) 659, 369 P. (2d) 859 (1962); *Chavers v. Ohad,* 59 Wn. (2d) 646, 369 P. (2d) 831 (1962); *Bailey v. Carver,* 51 Wn. (2d) 416, 319 P. (2d) 821 (1957); *Boyle v. Lewis,* 30 Wn. (2d) 665, 193 P. (2d) 332 (1948); *Knight v. Trogdon Truck Co.,* 191 Wash. 646, 71 P. (2d) 1003 (1937); *Dunsmoor v. North Coast Transp. Co.,* 154 Wash. 229, 281 Pac. 995 (1929).

Appellant also contends (1) that respondent misled him by slowing down, thus inviting him to proceed into the intersection, and (2) that respondent was contributorially negligent in not yielding to the disfavored driver, because he should have realized that appellant was not going to yield the right of way. These contentions are not supported by any better evidence than was the first contention.

The trial court did not err in dismissing the counterclaim, directing the verdict as to liability, and entering judgment on the verdict.

The judgment of the trial court is affirmed.

Respondent will recover her costs in this court.

HILL, OTT, HUNTER, and HAMILTON, JJ., concur.