[No. 37393. Department One. April 8, 1965.]

BJARNE WICK, *Appellant*, v. BYNO D. IRWIN *et al.*, *Respondents.**

*Reported in 400 P.2d 786.

*Joseph Q. Betzendorfer, Jr.* (of *Lee, Krilich & Anderson*), for appellant.

*Bateman, Reed, McClure & Moceri*, by *Roy J. Moceri*, for respondents.

OTT, J.—July 21, 1961, at approximately 2 p.m., Bjarne Wick was driving his panel truck south on Huson Street in Tacoma. As he approached the intersection with 19th Street, there was a street barrier, with a flashing light, on the west side of Huson Street, approximately 110 feet from the intersection. Several panel trucks, including a telephone company truck, were parked on the east side of Huson Street just north of the intersection. A contractor was engaged in constructing a storm sewer for the city on 19th Street, and it was closed to through traffic.

On 19th Street, east of the intersection with Huson Street, Byno D. Irwin, a city inspector, was engaged in inspecting the work being done by the contractor for the city. As he proceeded onto Huson Street, he stopped his vehicle at the intersection. The trucks parked on Huson Street obstructed his view to the north, and he slowly drove onto the arterial street. When he reached the center line, he saw Bjarne Wick's truck approaching from the north. He stopped his vehicle approximately 18 inches over the center line of Huson Street.

Mr. Wick first saw the motor vehicle being driven by Mr. Irwin approximately 50 feet away on 19th Street. When he saw the vehicle approximately 30 feet in front of him on Huson Street, he applied the brakes, was unable to stop, and collided with the city-owned vehicle. He commenced this action for damages against Byno D. Irwin and the city of Tacoma.

Byno D. Irwin will hereinafter be referred to as though he were the sole defendant.

Plaintiff's complaint alleged, *inter alia*, that defendant was negligent in failing to stop and yield the right of way at the arterial street, in failing to keep a proper lookout,

and in failing to exercise reasonable care under the circumstances.

Defendant denied negligence, and affirmatively alleged that plaintiff was contributorially negligent in failing to exercise reasonable care for his own safety, and in operating his truck at an unreasonable rate of speed under the circumstances.

The jury returned a verdict for the defendant, and, from the judgment entered upon the verdict, plaintiff has appealed.

Appellant first contends that "The trial court erred when he failed to take the question of the negligence of the defendant, Byno D. Irwin, from the jury's consideration upon proper motion being made by plaintiff's counsel." The motion, made at the close of all the evidence, was as follows:

> Comes now the plaintiff and moves the Court for a directed verdict in favor of the plaintiff, on the issue of liability.

In counsel's argument in support of the motion, he contended that the amount of damages alone should be submitted to the jury, for the reason that appellant was not contributorially negligent. Appellant made no motion to take from the jury the issue of respondent's negligence; nor was the court requested to instruct the jury that respondent was negligent as a matter of law.

A directed verdict can be granted only when there is no evidence or reasonable inference therefrom against the contention of the moving party. *Benton v. Farwest Cab Co.*, 63 Wn.2d 859, 389 P.2d 418 (1964); *Wold v. Jones*, 60 Wn.2d 327, 373 P.2d 805 (1962); *Bailey v. Carver*, 51 Wn.2d 416, 319 P.2d 821 (1957). In the instant case, there was sufficient evidence to submit the issue of appellant's contributory negligence to the jury. Therefore, a directed verdict on the issue of liability could not have been granted. Where contributory negligence is an unresolved issue, a motion by the plaintiff for a directed verdict as to liability does not encompass, in the alternative, a request that the court find the defendant negligent as a matter of law.

We find no merit in appellant's first assignment of error.

Appellant assigns error to the court's refusal to give his proposed instruction No. 27, and to the giving of instruction No. 9.

Appellant's proposed instruction No. 27 was as follows:

You are instructed that at the time and place in question, the plaintiff, Bjarne Wick, had a right to operate the panel truck in question at a rate of speed of thirty miles per hour, if the same was reasonable under the surrounding circumstances.

Instruction No. 9 was as follows:

You are instructed that the maximum lawful speed on Huson Street in July of 1961 was 30 miles per hour. However, this maximum speed limit is subject to the following qualifications, as provided by the ordinances of the City of Tacoma:

(1) Compliance with the speed limit does not relieve the operator from the further exercise of due care and caution as further circumstances shall require.

(2) Every person operating or driving a vehicle of any character upon the public highways of the City of Tacoma shall operate the same in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of the traffic, weight of vehicle, grade and width of highway, condition of surface and freedom of obstruction to view ahead and consistent with any and all conditions existing at the point of operation so as not to unduly or unreasonably endanger the life, limb, property or other rights of any person entitled to the use of such public highways; or of any child or children of immature years upon or adjacent to the street.

■ Appellant relies upon *Stubbs v. Allen*, 168 Wash. 156, 10 P.2d 983 (1932), where "The trial court failed to instruct the jury upon the subject of speed limit," when an instruction relative to speed limit was requested. In the instant case, the "subject of speed limit" requested by appellant's proposed instruction No. 27 was included in instruction No. 9, and, in addition, the term "surrounding circumstances" was defined. Instruction No. 9 is couched in the language of RCW 46.48.010. It is not error to incor-

porate in an instruction the language of the statute. *Enyeart v. Borgeson*, 60 Wn.2d 494, 374 P.2d 543 (1962); *Smith v. Rich*, 47 Wn.2d 178, 286 P.2d 1034 (1955).

Appellant's second and third assignments of error are without merit.

█ Appellant next assigns error to the court's refusal to grant a new trial on the ground of newly discovered evidence—the testimony of the driver of the telephone company's truck, which was parked at the intersection. The trial court found that appellant had not exercised due diligence to discover the witness prior to trial. We agree. Appellant saw the telephone company truck at the scene. He apparently failed to advise his attorney of this fact. Further, our examination of the affidavit in support of the motion convinces us that the newly discovered evidence would have been merely cumulative and would not have changed the result. *Donovick v. Anthony*, 60 Wn.2d 254, 373 P.2d 488 (1962); *Trosper v. Heffner*, 51 Wn.2d 268, 317 P.2d 530 (1957).

Finally, appellant contends that the court erred in failing to grant judgment notwithstanding the verdict. We do not agree. There was evidence, if believed by the jury, that appellant was traveling at a speed in excess of 30 miles an hour in a 30-mile zone; that he passed a barricade with a flashing amber caution light approximately 110 feet from the intersection; that the skid marks of the tires of his truck, up to the point of impact, measured 33 feet, and that, under the circumstances there present, he did not keep a careful lookout, as required by law. These facts were sufficient to establish a prima facie case of contributory negligence. The jury, under proper instructions, resolved the factual dispute, and the court did not err in denying appellant's motion for judgment notwithstanding the verdict.

The judgment is affirmed.

ROSELLINI, C. J., HILL and HALE, JJ., and RYAN, J. Pro Tem., concur.