**Perry JOHNSON and Adeline Johnson,
Appellees,**

v.

**UNITED STATES of America,
Appellant.**

**No. 20125.**

United States Court of Appeals,
Eighth Circuit.

Nov. 12, 1970.

---

1. There is no contention on appeal that this ruling was erroneous.

Bennett N. Hollander, Atty., Dept. of Justice, Washington, D. C., for appellant.

Patrick R. Faltico, Kansas City, Mo., for appellees.

Before VAN OOSTERHOUT and BRIGHT, Circuit Judges, and NEVILLE, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by the government from final judgment awarded taxpayers Perry Johnson and Adeline Johnson for $7,515.13 [1] and interest based on a jury verdict in their action for refund of 1961 income tax alleged to have been erroneously assessed and paid. Claim for refund was made and denied. Jurisdiction is established.

The primary issue is whether under controlling law the record evidence is capable of supporting a jury finding that the corporate distribution to the taxpayers of $27,621.30 in redemption of seventy shares of corporate stock was not essentially equivalent to a dividend. The preliminary issue is raised as to whether the government has properly preserved the primary issue for review.

1. The judgment entered includes a refund of tax based on $618.16 in deductible business expenses which were disallowed by the Commissioner. The government has not appealed on the deductible expense issue. Judgment to the extent which it is based on such item should remain in force.

A brief summary of the relevant facts is desirable to put the issues in proper perspective. In January 1961 the six hundred shares of outstanding common stock of the Hohenschild Welders Supply Company was owned as follows: Perry Johnson, three hundred and sixty shares; his wife Adeline, sixty shares; his father Arthur, one hundred and twenty shares; and his three children, sixty shares. Perry Johnson on January 1, 1961, owed the corporation $29,848.39 by reason of loans made to him by the corporation. The proceeds of the loans were used by Johnson to purchase land and erect a building which was subsequently leased to the corporation and used by it as its business base. The corporation's former business site rented from a third party was lost through condemnation. The corporation was unable to finance a new building. The corporation in September 1961 redeemed at book value sixty shares of Perry Johnson's stock and ten shares of Adeline Johnson's stock for $27,621.30 of which $20,000.00 was applied on Johnson's debt with the $7,621.30 balance being paid to him in cash.

At the trial, the taxpayers offered a considerable amount of testimony in support of their contention that the redemption of the stock was not substantially equivalent to a dividend, including testimony that the redemption was instigated by the corporation, that the redemption was made for a corporate business purpose of reducing Johnson's debt and improving the corporation's credit standing, and that it was not motivated by tax avoidance. At the close of all the evidence, the government made a motion for a directed verdict reading:

"The Government at this point in the trial would request a motion for directed verdict based upon the facts that have been brought out and coupled with the fact and law stated in its trial brief. We believe that there is no dispute as to the facts and that the redemption was essentially equivalent to a dividend."

Such motion was overruled. After verdict for the taxpayers, the government made a motion for judgment n.o.v. "on the basis of the facts shown at the trial cannot be disputed, that the Government is entitled to judgment in this case on the basis of our brief filed with the Court." Such motion was overruled. The defendant's briefs referred to in the motions are not part of the record before us. However, it would appear that the motion called to the trial court's attention the government's claim that as a matter of law the stock redemption in controversy was substantially equivalent to a dividend.

If contrary to what we have just said the motion for directed verdict does not adequately raise the government's contention that the redemption was as a matter of law substantially equivalent to a dividend, we believe that under the circumstances here presented it is entitled to inject the issue upon appeal.

While the general rule is that issues not raised before the trial court cannot be considered upon appeal, limited exceptions to such rule have been recognized. One such exception is a change in the controlling law subsequent to the trial court's decision and prior to the determination of the appeal.

Thus in Hormel v. Helvering, 312 U. S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037, the Court recognized the general rule that issues not raised in the trial court should not be considered upon appeal but went on to say that an exception to the rule exists in those cases "in which there have been judicial interpretations of existing law after decision below and pending appeal—interpretations which if applied might have materially altered the result."

In *Hormel*, the Court held that a decision of the Supreme Court made after a trial court's decision made a change in the applicable law. The Court holds:

"Therefore to apply here the general principle of appellate practice for

which petitioner contends would result in permitting him wholly escape payment of a tax which under the record before us he clearly owes. Thus viewed, this is exactly the type of case where application of the general practice would defeat rather than promote the ends of justice, and the court below was right in so holding." 312 U. S. 552, 560, 61 S.Ct. 719, 723. .

Thorpe v. Housing Authority, 393 U. S. 268, 281–282, 89 S.Ct. 518, 21 L.Ed.2d 474, held that where a change of law comes subsequent to trial, whether the change was constitutional, statutory or judicial, the appellate court must apply the law in effect at the time it rendered its decision. See Uebersee Finanz-Korp. A.G. v. McGrath, 343 U.S. 205, 213, 72 S.Ct. 618, 96 L.Ed. 888; Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543, 61 S.Ct. 347, 85 L.Ed. 327; Grosso v. United States, 390 U.S. 62, 70–71, 88 S.Ct. 709, 19 L.Ed.2d 906; Becton v. United States, 8 Cir., 412 F.2d 1005, 1007; 5 Am.Jur.2d, Appeal and Error § 729.

The Supreme Court in United States v. Davis, 397 U.S. 301, 90 S.Ct. 1041, 25 L.Ed.2d 323, decided March 23, 1970, subsequent to the judgment entered in the trial court, resolved the conflict existing between the circuits on whether evidence of a business motive for a redemption of stock was relevant on the essentially equivalent to a dividend issue. The Supreme Court gave a negative answer. At footnote 2, our case of Heman v. Commissioner of Internal Revenue, 8 Cir., 283 F.2d 227, is listed among the cases giving some consideration under § 302(b) (1), IRC 1954, to business motivation.

The trial court in our present case sets out essentially the same criteria for resolving the essentially equivalent dividend issue as set out in our Heman opinion. For reasons more fully stated hereinafter, we are satisfied that Davis represents a change of the law existing in this circuit at the time of the trial court's decision.

Taxpayers make the further contention that the framework against which the sufficiency of the evidence must be judged is the jury instructions given by the trial court and not excepted to. Smails v. O'Malley, 8 Cir., 127 F.2d 410, and F. W. Woolworth Co. v. Carriker, 8 Cir., 107 F.2d 689, cited by the taxpayers, support their contention. However, said cases were expressly overruled upon the point for which they are cited in Coca Cola Bottling Co. of Black Hills v. Hubbard, 8 Cir., 203 F.2d 859. We there said:

"It is true, of course, that an appellant may not challenge on review the correctness of instructions to which he took no exceptions or only a general exception. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; * * * In that sense, and in that sense only, it may be said that the instructions to which no exceptions are taken become the law of the case for determining whether the instructions are subject to review on appeal. * * * But in determining whether a trial court has erred in denying a motion for a directed verdict made at the close of the evidence, it is the applicable law which is controlling, and not what the trial court announces the law to be in his instructions. This Court must ascertain for itself what the applicable law is, whether the instructions were excepted to or not. A proper motion for a directed verdict and its denial will always preserve for review the question whether under the law truly applicable to the case there was an adequate evidentiary basis for the submission of the case to the jury." 203 F.2d 859, 862.

We have consistently followed the rule just stated. Ringsby Truck Lines, Inc. v. Beardsley, 8 Cir., 331 F.2d 14, 19; Hanson v. Ford Motor Co., 8 Cir., 278 F.2d 586, 593. So have other courts. See Krock v. Electric Motor & Repair Co., 1 Cir., 327 F.2d 213, 215, and cases cited.

We finally arrive at the primary issue. We hold that under the law as declared

in *Davis* there is no substantial evidence to support a jury finding that the redemption of the seventy shares of Johnson's stock by the corporation was not essentially equivalent to a dividend.

Section 301, IRC 1954, provides that the portion of a distribution made by a corporation to a stockholder which is a dividend shall be included in gross income. Section 316, IRC 1954, provides a dividend is a distribution of property made by a corporation to its shareholders out of earnings and profits and that every distribution is made out of earnings and profits to the extent thereof. Under § 302(a), IRC 1954, a corporate distribution is treated as "payment in exchange for stock" not subject to taxation as ordinary income if the conditions contained in any of the four subdivisions of § 302(b) are met. It is established that the only portion of § 302(b) here pertinent is paragraph (1) of subsection (b), which reads:

"(b) Redemptions shall be treated as exchanges—

(1) Redemptions not equivalent to dividends.—Subsection (a) shall apply if the redemption is not essentially equivalent to a dividend."

*Davis* clearly holds that for the purpose of resolving the dividend equivalency issue the stock attribution rule of § 318, IRC 1954 applies. Under such statute, an individual is considered as owning stock held by his spouse, parent and child. In *Davis,* the Court states:

"After application of the stock ownership attribution rules, this case viewed most simply involves a sole stockholder who causes part of his shares to be redeemed by the corporation. We conclude that such a redemption is always 'essentially equivalent to a dividend' within the meaning of that

phrase in § 302(b) (1). * * *"
397 U.S. 301, 307, 90 S.Ct. 1041, 1045.

The language just quoted and the *Davis* opinion as a whole reflect clearly that the redemption of stock of a sole stockholder by a corporation will always be considered as a distribution essentially equivalent to a dividend, and that as a dividend it is subject to ordinary income tax to the extent of accumulated corporate earnings and profits.

█ In the sole stockholder situation, evidence of business purpose and evidence in support of the various criteria for holding the presence or absence of a tax avoidance motive are no longer relevant.

In our present case, Johnson under the attribution rule is treated as a sole stockholder. The teaching of *Davis* is that the redemption of stock of a sole stockholder is always a pro rata distribution and as such is always essentially equivalent to a dividend within the meaning of that phrase in § 302(b) (1).

█ It is established beyond dispute that the corporation had accumulated earnings subject to dividends in excess of the amount of distribution to the taxpayers. The government properly treated the corporate distribution as a dividend subject to taxation as ordinary income.

The court erred in overruling the government's motion for a directed verdict and for judgment n.o.v. on the dividend equivalency issue and the judgment must be reversed and the case remanded upon such issue.

Since no appeal was taken or pursued on the business expenditure issue described in footnote 1, taxpayers are entitled to their recovery upon such issue.

Reversed and remanded on the dividend equivalency issue.