[No. 193-2.   Division Two.   June 7, 1971.]

LEE DUNN, *Appellant*, v. PAUL J. HARMON, JR., *et al., Defendants*, LU ANN G. HARMON, *Respondent.*

*Nile E. Aubrey,* for appellant.

*F. Ross Burgess* (of *Johnson & Gierke*), for respondent.

ARMSTRONG, J.—This cause of action arose out of an automobile collision occurring at the intersection of Tacoma Avenue and South 36th Street in Tacoma, Washington on December 4, 1968 at about 10:30 a.m. The favored driver is

suing the disfavored driver who failed to yield the right-of-way. When the plaintiff moved for a directed verdict on liability, the trial court limited its direction to holding that defendant was guilty of negligence as a matter of law. The issue of the favored driver's contributory negligence was submitted to the jury and it returned a verdict in favor of the defendant, the disfavored driver. The parents of Lu Ann G. Harmon, the disfavored driver, were dismissed from the action and we will refer to her as though she were the sole defendant.

Three primary issues are presented on this appeal:

(1) Was it error to submit to the jury the issue of contributory negligence of the plaintiff on the basis of substantial evidence of excessive speed?

(2) Did the trial court err when it instructed only that the disfavored driver was negligent as a matter of law when the plaintiff moved for a directed verdict as to all issues of liability?

(3) Did the trial court err in failing to instruct the jury on the duties of the disfavored driver after that issue had been withdrawn from the jury?

Plaintiff-appellant, the favored driver, was proceeding north on Tacoma Avenue, an arterial, at the time of the collision. The defendant-respondent had just stopped at a stop sign on South 36th Street and was attempting to negotiate a left-hand turn onto Tacoma Avenue, so that she could go south on Tacoma Avenue. The collision occurred within the intersection.

There were no eyewitnesses to the collision, so the facts of that collision had to be determined by the testimony of the parties themselves. The defendant's version of the accident is as follows: She came to a complete stop at the stop sign, positioning her car so that she could clearly observe traffic on Tacoma Avenue in both directions for a considerable distance. She glanced first to her left and noticed that plaintiff's car was approaching on Tacoma Avenue. Plaintiff's car was somewhere between South 38th Street and South 37th Street. She looked to the right and noticed that

no traffic was approaching from that direction. She again looked to the left and saw that plaintiff's car was now passing through the intersection or was about three-fourths of a block from her. She thought plaintiff's car was traveling within the speed limit and did not change its speed. She testified, without objection, that she turned that corner every morning she attended school and many times before had seen cars that far away and had never had any trouble making her turn. Because she believed plaintiff was driving within the speed limit she thought she had plenty of time to clear the intersection.

She then proceeded into the intersection to negotiate a left-hand turn, keeping her eyes focused ahead of her in the direction of her travel. She did not again see plaintiff's automobile until it was a very short distance away, immediately prior to the impact.

The plaintiff's version of the accident is as follows: He testified that he had just turned onto Tacoma Avenue from South 38th Street and was approaching the South 36th Street intersection at a speed of approximately 20 to 25 miles per hour. However this testimony was contradicted by his deposition, wherein he stated that he did not know how fast he was going. He testified he did not see defendant's automobile until it was about one or two car lengths in front of him and he then hit his brakes.

The collision caused $708.50 damage to the front end of plaintiff's 1965 Chevrolet and $474.44 damage to the left side of defendant's 1956 Chevrolet. Defendant's car was hit as the front end of her car was just beyond the center line on Tacoma Avenue. The force of the impact pushed the defendant's car against the curb on the northwest corner of the intersection, pushing in the hub caps and breaking the seal on one of the right tires.

In answering the question of whether the trial court erred in submitting the issue of plaintiff's contributory negligence to the jury, we must review the evidence and all reasonable inferences therefrom in a light most favorable to the defendant, the nonmoving party, on the

plaintiff's motion for a directed verdict. *Hansen v. Pauley*, 67 Wn.2d 345, 407 P.2d 811 (1965).

We find that there is a reasonable inference from the evidence which could lead a jury to conclude that plaintiff, the favored driver, was driving at a speed beyond the 30 miles per hour posted speed limit, and therefore would be guilty of contributory negligence as a matter of law if his negligence was a proximate cause of his injury. The defendant's testimony, if believed, could lead to the following inference. The plaintiff's automobile was either at the intersection of South 37th Street or about three-fourths of a block away at the time defendant commenced her left turn onto Tacoma Avenue. A city engineer testified that the distance between the northeast corner of South 37th Street and Tacoma Avenue and the southeast corner of South 36th Street and Tacoma Avenue was 567.8 feet. Taking into account the distance plaintiff's automobile was away at the time defendant commenced her turn, it might be inferred that had plaintiff been driving at 30 miles per hour or less, the defendant would have cleared the intersection with a reasonable margin of safety.

The trial court was correct under the facts of this case in submitting to the jury the issue of the favored driver's contributory negligence because reasonable minds could differ on the question of plaintiff's excessive speed. This is so even though the "favored driver on an arterial protected by a stop sign has one of the strongest rights of way which the law allows." *Zahn v. Arbelo*, 72 Wn.2d 636, 637, 434 P.2d 570 (1967). We do not interpret that case to stand for the proposition that the disfavored driver, if he violates the right-of-way statute, is liable to the favored driver regardless of the favored driver's negligence. The favored driver is entitled to rely heavily upon his right-of-way, but he is still required to exercise the ordinary care which a reasonably prudent man in that same situation would observe. *Poston v. Mathers*, 77 Wn.2d 329; 462 P.2d 222 (1969).

Hence, we find no error in the trial court's refusal to

grant a directed verdict in the plaintiff's favor on the issue of contributory negligence.

Plaintiff next contends that since the trial court denied the motion for a directed verdict in its entirety, the court could not then instruct the jury that defendant was negligent as a matter of law. In support of that contention plaintiff cites *Wick v. Irwin,* 66 Wn.2d 9, 11, 400 P.2d 786 (1965), wherein the court stated:

Where contributory negligence is an unresolved issue, a motion by the plaintiff for a directed verdict as to liability does not encompass, in the alternative, a request that the court find the defendant negligent as a matter of law.

*Wick v. Irwin, supra,* is distinguishable from the case at bar. In that case the plaintiff-appellant moved the court for a directed verdict on the issue of liability and claimed that it was error for the court not to take from the jury the issue of defendant's primary negligence, although plaintiff had not specifically requested that ruling. In this case the plaintiff complains of the court actually doing what the court in *Wick v. Irwin, supra,* did not do.

■ We hold that the court may in its discretion instruct the jury that defendant is negligent as a matter of law when the plaintiff moves for a directed verdict on all issues. In determining whether the trial court should remove the issue of primary negligence of defendant on a motion for a directed verdict as to all issues of liability, the court should bear in mind that if there is no issue of negligence as to defendant, the practical effect might be to spotlight the issue of contributory negligence of plaintiff. If the court does take this halfway action on directing liability, it is imperative that complete instructions be given as to the rights and duties of both parties.

■ This brings us to our third primary issue. The court instructed the jury on the rights and duties of the favored driver but did not instruct the jury on the duties of the disfavored driver, which are set forth in RCW 46.61

.190(2).[1] The court apparently did not instruct on the duties of the disfavored driver because it had ruled the disfavored driver guilty of negligence as a matter of law. We think this failure was prejudicial error and plaintiff should have a new trial.

The case at bar was tried on October 29 and 30, 1969. On December 4, 1969, the questions raised in this issue were answered in *Poston v. Mathers, supra.* The court stated at page 333:

> The problem posed by the failure to instruct on respondent's duty is not difficult to describe. Neither negligence nor contributory negligence exists in the abstract. If the jury was not properly instructed and was unaware of the duty which respondent breached, it was unable to determine rationally if appellant's breach of his related duty contributed to the cause of the accident.

In accordance with the rule of *Poston v. Mathers, supra,* prior cases of our Supreme Court cited therein, and WPI 70.02.02, 6 Wash. Prac. 248 (1967), the following instruction should be given in the retrial of this case.

> A statute provides that a driver approaching a stop sign at an intersection shall come to a complete stop at the point nearest the intersecting roadway where he has a view of approaching traffic before entering the intersection and, after having stopped, he shall yield the right of way to any vehicle which has entered the intersection from another street or highway or which is approaching so closely on the other street or highway as to constitute an immediate hazard during the time the driver who had the duty to stop is moving across or within the intersection.

> This right of way, however, is not absolute but relative, and the duty to exercise ordinary care to avoid

---

[1] RCW 46.61.190(2) provides: "Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop as required by RCW 46.61.360 subsection (2), and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection."

collisions at intersections rests upon both drivers. The primary duty, however, rests upon the driver who faces a stop sign, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.

The judgment is reversed and a new trial granted.

PETRIE, C.J., and PEARSON, J., concur.