[No. 2405-1. Division One. May 26, 1975.]

ARNOLD P. ZWINK, *Respondent*, v. BURLINGTON NORTHERN, INC., *Appellant*.

*Gerald A. Troy*, for appellant.

*Daniel F. Sullivan*, for respondent.

ANDERSEN, J.—

FACTS OF CASE

On a dark January afternoon, plaintiff's automobile collided with a train operated by the defendant railroad.

The accident happened at approximately 5:15 p.m. on January 13, 1969, at what is known as the Holgate Street crossing. This is in the industrial area of Seattle where South Holgate Street crosses some nine railroad tracks.

Plaintiff at the time was driving home from work by his accustomed route along South Holgate Street when the defendant's train consisting of an engine pushing three boxcars entered the crossing. The front of the first car of

the train struck the middle of the right side of plaintiff's automobile as it crossed the track.

Mr. Zwink, the plaintiff, sued defendant railroad asking damages for personal injuries which he sustained in the collision as well as for extensive property damage done to his automobile.

The crossing was protected by a device known as a Marquardt Grade Crossing Predictor which had been installed almost a year previously. This system was to automatically actuate crossing bells, lights, and descending gates in a previously determined sequence beginning some 20 or 21 seconds prior to the train arriving at the crossing.

In addition, the defendant railroad maintained a human flagman at the crossing at this time, apparently being required to do so by city authorities during approximately the first year and a half that the automatic warning device was in operation at the crossing.

The flagman could activate the signal system by means of a manual lever, or the signal system was to automatically commence, whichever occurred first. The flagman's testimony was that he had activated the system manually on the occasion in question.

The testimony of the plaintiff and the driver of the car which preceded him through the crossing was that they received no warning of the approaching train. The testimony of defendant's flagman and train crew was that at the time of the accident the various signal lights were flashing, the bells ringing, and the gates descending and that in addition the flagman was by the crossing with his signal lantern.

The jury returned a defense verdict. The trial court granted plaintiff's motion for a new trial on the ground that it had given an erroneous instruction to the jury. It is from the order granting a new trial that defendant railroad appeals.

### ISSUES

The following four issues are determinative of this appeal.

ISSUE ONE. Where the position of the defendant railroad throughout the case was that it had an on-duty flagman stationed at the crossing at the time of the accident, did it, as a matter of law, have notice of any evident malfunctioning or nonfunctioning of the mechanical warning device at the crossing?

ISSUE TWO. Was it error under the circumstances of this case to instruct the jury that the railroad was entitled to notice that its signal devices were not working before it could be found negligent in that regard?

ISSUE THREE. Was the plaintiff's exception to the instruction imparting the issue of notice of signal malfunction or nonfunction into the case adequate to preserve his objection to it?

ISSUE FOUR. Was the instruction on the issue of notice an error which justified the trial court granting a new trial?

DECISION

ISSUE ONE.

CONCLUSION. Where, as here, the defendant railroad's position throughout the trial was that it had an on-duty flagman stationed at the crossing with the crossing and the crossing signals in his direct view at the time of the accident, then the defendant, as a matter of law, had notice of any evident malfunctioning or nonfunctioning of the mechanical warning device with which the crossing was equipped.

█ Consideration of this appeal begins with the premise that each case involving a railroad crossing accident must be considered in light of its own peculiar facts. *Hewitt v. Spokane, P. & S. Ry.*, 66 Wn.2d 285, 291, 402 P.2d 334 (1965); *O'Dell v. Chicago, M., St. P. & Pac. R.R.*, 6 Wn. App. 817, 821, 496 P.2d 519 (1972).

An important factual issue in this case was whether the mechanical signals with which the crossing was equipped were properly in operation before the collision occurred. This was the subject of considerable testimony on the part of both parties, including conflicting eyewitness accounts.

A further issue was injected into the case by the giving

of an instruction proposed by the defendant. This was as to the railroad's entitlement to notice before it could be held responsible for its crossing warning system not working. This was before the jury by virtue of the following instruction:

> If the jury should find that the railroad's signal devices were not operating at the time of the accident, defendant railroad would not be negligent in this respect unless it knew or in the exercise of ordinary care should have known thereof for a sufficient time to repair the devices or furnish additional warning.

Instruction No. 10a.

At the time of the plaintiff's motion for a new trial, the trial court expressed itself thusly as to instruction No. 10a:

> THE COURT: And the point is, and it seems to me under the facts that the question of having notice really isn't one for the jury to decide because the railroad is right there with an employee. So, the moment it [the automatic signaling device] doesn't work he had notice and he is supposed to be out there flagging. All right. By his testimony he is flagging. But, the jury then shouldn't be permitted to consider whether there was notice or not to the defendant but only whether the flagman was out there flagging.

Thereupon the order granting a new trial was entered. In that written order, the trial court's reasoning as to the effect of this instruction was further stated, as required by CR 59(f):

> [T]he court is of the opinion that it was error to submit instruction 10a which was submitted by the defendant and excepted to by the plaintiff as there was no evidence to support the giving of instruction 10a on notice and, in fact, the evidence in the case as a matter of law would indicate that the defendant railroad in fact had notice inasmuch as one of its employees, Mr. Smith, whose acknowledged job it was to serve as a flagman at the crossing, was present at the time the accident occurred and who was alleged to have been actually flagging the crossing and the defendant submitted such an instruction which was incorporated as the Court's instruction No. 13.

It is the Court's opinion then, that inasmuch as Mr. Smith was an employee of the railroad, was at the crossing, and his job was to flag the crossing, no other notice to defendant railroad was required and it was error to give instruction No. 10a and, further, that instruction No. 10a under the circumstances, constituted a comment on the evidence serving to deprive the plaintiff of a fair trial and also under the circumstances because of instruction No. 10a, substantial justice was not done. . . .

The general rule is that the failure of a railroad crossing signaling device to operate is generally held evidence of negligence which may be taken into consideration along with other acts tending to show negligence to establish liability on the part of a railroad. *Failure of signaling device at crossing to operate as affecting railroad company's liability*, Annot., 90 A.L.R.2d 350, 354, § 3 (1963); *Aores v. Great N. Ry.*, 166 Wash. 17, 22, 6 P.2d 398 (1931).

The defendant cites to us the following principle as justifying the giving of this instruction:

Under certain circumstances the railroad company may not be liable in the event of failure of the signal to function, as, for example, where the bell failed to ring momentarily or where the flashlight signals temporarily failed to function. It has been held that, in order to charge a railroad company with negligence in this matter, it must be shown that the railroad company had knowledge of the defective signal, or constructive notice thereof, as where the defective condition existed for such length of time that the company in the exercise of due care should have discovered it.

74 C.J.S. *Railroads* § 727b, at 1348 (1951). Defendant's numerous other citations of authority are to this same effect and most of them are collected in the footnotes to 74 C.J.S., *supra*, and in the annotation, 90 A.L.R.2d 350, § 5. *See also Wright v. Kennewick*, 62 Wn.2d 163, 165, 381 P.2d 620 (1963).

While this principle argued by defendant has been stated many times in general terms, it is not one that can necessarily be applied to every case of alleged signal malfunction or nonfunction under whatever circumstances. *See, e.g.,* 90

A.L.R.2d 354 (1963); *Mohr v. Toledo, P. & W. R.R.*, 232 F.2d 869 (7th Cir. 1956). This is particularly so where it is expressed as an instruction to a jury.

No case has been cited to this court, and we can find none, which stands for the proposition embodied in instruction No. 10a in a case as here where, according to the defendant's own testimony and theory of the case, a human crossing guard is stationed at the crossing and in immediate charge of it at the time of the accident.

■ It is undisputed that the defendant's flagman was acting within the scope and course of his employment at the time of the accident. The defendant is, therefore, as a matter of law, responsible for his acts and omissions in that regard. *Baxter v. Morningside, Inc.*, 10 Wn. App. 893, 898, 521 P.2d 946 (1974).

The following rule is fundamental:

> The general rule, which is subject to certain qualifications, is that the principal is chargeable with, and bound by, the knowledge of or notice to his agent received while the agent is acting as such within the scope of his authority and in reference to a matter over which his authority extends.

3 Am. Jur. 2d *Agency* § 273, at 635 (1962). Although this rule is stated in the context of the principal-agent relationship, it is at least equally applicable to the master-servant or employer-employee relationship which is here involved. Restatement (Second) of Agency, Introductory Notes at 580-82 and § 283 (1958).

Within the purview of the foregoing rule, a person such as an employee has notice of a fact if he knows the fact, has reason to know it or has been given notification of it. Restatement (Second) of Agency § 9(1) (1958). *Accord,* 3 Am. Jur. 2d *Agency* § 273, at 635-37 (1962).

■ We, therefore, hold that where the testimony of the defendant's flagman and train crew who were at the scene of the accident was that the flagman was immediately at the crossing with a lantern at the time of the accident, then the defendant railroad, as a matter of law, had notice of

any evident malfunctioning or nonfunctioning of the mechanical warning device with which the crossing was equipped.

■ The defendant makes the further argument in this regard that as a railroad, it should not be held to be the insurer of the operation of its crossing signal devices. That is not the effect of our holding. The existence of mechanical signal devices at a crossing does not make a railroad company an insurer of those signals or of the safety of the users of its crossing. *Aores v. Great N. Ry.*, 166 Wash. 17, 22-26, 6 P.2d 398 (1931); *Ray v. Hines*, 118 Wash. 530, 534-35, 203 P. 929 (1922).

ISSUE TWO.

CONCLUSION. It was error to instruct the jury that unless it found that the defendant had notice that its signal devices were not operating, the defendant would not be negligent in that regard.

■ A court should not instruct on issues not presented. 88 C.J.S. *Trial* § 301a, at 815 (1955). In addition, it is the province of the court to determine questions of law and it is error to instruct the jury to determine such questions. *Hastings v. Department of Labor & Indus.*, 24 Wn.2d 1, 13, 163 P.2d 142 (1945); 75 Am. Jur. 2d *Trial* § 693 (1974); 88 C.J.S. *Trial* § 295a (1955).

The trial court correctly determined that the giving of instruction No. 10a to the jury was error.

ISSUE THREE.

CONCLUSION. Plaintiff's exception to the instruction which injected the issue of notice of signal malfunction or nonfunction into the case was sufficient to apprise the trial court of the ground and reason for the objection, and so preserve it for review.

Plaintiff's exception to the giving of instruction No. 10a was phrased as follows:

It is the plaintiff's position that this railroad crossing, the devices thereon, and all employees, were maintained by the defendant; that the defendant created the system, put it on there, and that it was in control of it.

The law says anybody who creates a dangerous or hazardous condition in the roadway or elsewhere themselves, and has complete control of it, is not required to have notice, constructive or actual, of the hazardous condition if they create it themselves, and on that basis the plaintiff excepts to 10a.

■ It is true this exception could have been more clearly stated. However expressed, the exception did advise the trial court that the matter objected to was the notice requirement contained in the instruction, and that the ground on which the plaintiff objected was that he should not have to prove that the railroad had notice of a defective railroad crossing device. That was a sufficient exception to preserve the matter of notice for appellate review. CR 51(f); 2 L. Orland, Wash. Prac. § 243, at 270 (3d ed. 1972); *Franks v. Department of Labor & Indus.*, 35 Wn.2d 763, 768, 215 P.2d 416 (1950). Further, since the trial court granted plaintiff's motion for a new trial on this precise ground, it cannot be said that this issue is being raised for the first time on appeal as the defendant argues.

ISSUE FOUR.

CONCLUSION. The giving of the excepted-to instruction was prejudicial error justifying the granting of a new trial.

The defendant further argues that even if the presence of the flagman did constitute notice to the railroad, as a matter of law, that its signal device was not working, such instruction was nevertheless only harmless error.

Our answer to this is twofold.

■ First, we are presented with a situation where the trial judge granted rather than refused a new trial. In such a situation, the rule is as set out in *Franks v. Department of Labor & Indus.*, 35 Wn.2d 763, 215 P.2d 416 (1950):

By granting a new trial because of error in the instructions, the trial court in effect determined that the erroneous instructions were prejudicial. The trial court was in a better position than are we to determine the effect which the erroneous instructions may have had upon the jury. . . . The record before us provides no basis for

ruling that the trial court did not reach the proper conclusion in this regard.

*Franks v. Department of Labor & Indus., supra* at 772.

■ Secondly, when the record discloses an error in an instruction given on behalf of the party in whose favor the verdict was returned, as it does here, the error is presumed to be prejudicial and requires a new trial unless it affirmatively appears that the error was harmless. *Franks v. Department of Labor & Indus., supra* at 773; *State v. Dunning,* 8 Wn. App. 340, 343, 506 P.2d 321 (1973).

It does not affirmatively appear that the error was harmless. In closing argument defendant's counsel argued to the jury that a malfunction was not negligence unless the railroad had an opportunity to somehow be on notice of it. In addition, the present situation is directly analogous to the one where a court submits an issue to the jury on which there is no substantial evidence. In such cases, that is held to be prejudicial error for the reason that the giving of such an instruction indicates to the jury that the court must have thought there was some evidence on the issue. *Albin v. National Bank of Commerce,* 60 Wn.2d 745, 754, 375 P.2d 487 (1962). That is likewise true here.

In view of our affirmance of the trial court's order on the ground stated, it is not necessary to determine whether its additional grounds for so ruling were also well taken.

Plaintiff in turn, claims error on the part of the trial court in not granting his motion for a directed verdict.

■ In passing upon a plaintiff's motion for a directed verdict, the plaintiff's evidence will be disregarded and the defendant's evidence, together with all inferences therefrom, will be accepted as true. *Smith v. Keating,* 52 Wn.2d 391, 394, 326 P.2d 60 (1958); *Shell Oil Co. v. Livingston Fertilizer & Chem. Co.,* 9 Wn. App. 596, 599, 513 P.2d 861 (1973). There was evidence to support the defendant's position below and the trial court did not err in denying the plaintiff's motion. *Kaiser v. Suburban Transp. Sys.,* 65 Wn.2d 461, 463, 401 P.2d 350 (1965). No discretion is in-

570

volved in ruling on a motion for a directed verdict. *Shell Oil Co. v. Livingston Fertilizer & Chem. Co., supra* at 600.

Plaintiff asks that in the event the order granting a new trial is affirmed, we hold the trial court erred in not instructing the jury on res ipsa loquitur. No proposed instruction on this doctrine was set out in the brief in full as required by CAROA 42(g) (1) (iii) and 43. We are, therefore, prohibited from considering this claim of error. *Wold v. Jones*, 60 Wn.2d 327, 329, 373 P.2d 805 (1962); *State v. Williams*, 4 Wn. App. 411, 412, 481 P.2d 918 (1971).

As to other issues raised by plaintiff, having affirmed for the reasons stated, we do not reach these.

The order granting a new trial is affirmed.

SWANSON and CALLOW, JJ., concur.