[No. 3127-1.    Division One.    March 1, 1976.]

JAMES R. RHOADES, ET AL, *Appellants*, v. CLIFFORD A. DEROSIER, ET AL, *Respondents*.

*Kenneth E. Phillipps*, for appellants.

*Murray, Dunham & Waitt* and *Wayne Murray*, for respondents.

CALLOW, J.—The plaintiff James Rhoades, the preceding driver, appeals from a judgment entered upon a jury verdict for the defendant following driver, Clifford DeRosier, in an action for damages sustained in a rear end collision. We hold that the question of the defendant's negligence

and the issue of the plaintiff's contributory negligence were properly submitted to the jury and affirm the judgment.[1]

On December 16, 1972, plaintiff Rhoades was driving north on Highway 99 in Snohomish County. Defendant DeRosier was following four or five car lengths behind in the same lane of traffic. As the two vehicles approached the intersection of 212th Street S.W. and Highway 99 at a speed of between 40 and 45 m.p.h., the traffic signal changed from green to yellow. The leading driver Rhoades slowed at first, but then accelerated in an attempt to clear the intersection before the signal turned to red. Finally, he jammed on his brakes and came to an abrupt stop just into the intersection. DeRosier, the following driver, was unable to stop on the wet pavement and rammed the rear end of Rhoades' car at a speed of approximately 4 m.p.h., stopping just behind Rhoades before entering the intersection.

The plaintiff alleged negligence on the part of the following driver, who denied that he had been negligent and asserted that, in any event, the preceding driver had been contributorially negligent. Both issues were submitted to the jury and a verdict was returned in favor of the defendant. The plaintiff's motions for judgment notwithstanding the verdict or, alternatively, for a new trial were denied and judgment was entered for the following driver.

The preceding driver assigns error to the denial of the motions for directed verdict and judgment notwithstanding the verdict or, alternatively, for a new trial, contending that, as a matter of law, the following driver was negligent and his negligence was the sole proximate cause of the injuries sustained. The issue presented by each assignment of error is whether there was substantial evidence to sup-

---

[1]The trial commenced on April 4, 1974. The comparative negligence statute, RCW 4.22.010, became effective April 1, 1974. *Godfrey v. State*, 84 Wn.2d 959, 530 P.2d 630 (1975). The case was tried, instructions were submitted, and the matter is before us on theories of negligence and contributory negligence, rather than on the theory of comparative negligence.

port submitting the issues of negligence and contributory negligence to the jury.[2]

A ruling on a motion for a directed verdict is not discretionary. The moving party admits the truth of the opponent's evidence and all reasonable inferences that may be drawn therefrom, and the evidence must be considered in the light most favorable to the nonmoving party. The motion may be granted only if it can be said that, as a matter of law, no evidence or reasonable inferences therefrom existed to sustain a verdict for the opponent. If substantial evidence supports the nonmoving party's position, the motion must be denied and the case submitted to the jury. *Shelby v. Keck*, 85 Wn.2d 911, 541 P.2d 365 (1975); *Monjay v. Evergreen School Dist. 114*, 13 Wn. App. 654, 537 P.2d 825 (1975); *Zwink v. Burlington Northern, Inc.*, 13 Wn. App. 560, 536 P.2d 13 (1975); Trautman, *Motions Testing the Sufficiency of Evidence*, 42 Wash. L. Rev. 787 (1967). Supporting these rules is the further principle that questions concerning a defendant's negligence and a plaintiff's contributory negligence are usually questions of fact

---

[2]During oral argument on appeal, the parties argued whether Rhoades' failure to take exceptions and assign error to jury instructions given on negligence and contributory negligence precluded appellate consideration of the denial of the motion for a directed verdict. While instructions to which no exception is taken become the law of the case, the doctrine does not bar review of the granting or denial of a directed verdict. Whether a verdict should have been directed is a question of law, and its resolution is not controlled by the pronouncements of the instructions, but by the *applicable* law. The standard to be applied is the same whether the issue is raised by way of a motion for a directed verdict or a motion for judgment notwithstanding the verdict. A timely motion for a directed verdict and its subsequent denial preserves the issue for review. The standard for deciding whether there was sufficient evidence presented to create an issue of fact for the jury is a question of law. The standard is the same for the trial court and the appellate court. The failure to object to instructions does not, therefore, preclude an appellate consideration of a trial court's denial of a motion for a directed verdict. *Johnson v. United States*, 434 F.2d 340 (8th Cir. 1970); *Coca Cola Bottling Co. v. Hubbard*, 203 F.2d 859 (8th Cir. 1953); 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 2524, at 542 nn.27 & 28, 2536, at 594-95 n.21, 2537, at 600 n.40, 2558, at 670-71 n.36 (1971).

and should be withdrawn from the jury only in rare cases. *Brown v. Derry*, 10 Wn. App. 459, 518 P.2d 251 (1974); 2 D. Blashfield, *Automobile Law and Practice* §§ 113.11, 113.14, 113.17 (3d ed. 1965).

Evidence was presented on a number of pertinent matters which bear upon the care or negligence of the parties. There was a controversy over the extent to which the preceding driver's intrusion into the intersection was caused by his own actions and how much was caused by the impact to the rear of his automobile. There was a controversy over whether the preceding driver was committed to clear the intersection or justified in stopping abruptly. There was evidence that the traffic light was red at the instant of impact.

■ The following driver has the primary duty of avoiding a collision with the preceding vehicle. To discharge that duty, the following driver must allow for all actions of the preceding driver that can reasonably be anticipated. He must anticipate sudden, abrupt stops at intersections. *Bonica v. Gracias*, 84 Wn.2d 99, 524 P.2d 232 (1974); *Felder v. Tacoma*, 68 Wn.2d 726, 415 P.2d 496 (1966); *Amon v. Lockett*, 66 Wn.2d 5, 400 P.2d 784 (1965); *Miller v. Cody*, 41 Wn.2d 775, 252 P.2d 303 (1953).

A following driver, however, is not negligent as a matter of law simply because the preceding vehicle has been struck from the rear. The preceding driver may not act in an unusual, unexpected manner that reasonably could not be anticipated. Such conduct by a preceding driver may preclude finding the following driver negligent as a matter of law. *Vanderhoff v. Fitzgerald*, 72 Wn.2d 103, 431 P.2d 969 (1967); *James v. Niebuhr*, 63 Wn.2d 800, 389 P.2d 287 (1964); *Ryan v. Westgard*, 12 Wn. App. 500, 530 P.2d 687 (1975). If substantial evidence suggests unusual conduct by the preceding driver which should not have been anticipated, then the negligence of the following driver and the contributory negligence of the preceding driver are questions of fact. It is for the jury to decide whether the circumstances were such that a sudden stop was to be antici-

pated. It is also for the jury to decide from the evidence whether negligence on the part of the preceding driver proximately contributed to the injury. *Bonica v. Gracias, supra; Amon v. Lockett, supra* at 7; *Ryan v. Westgard, supra.*

In the instant case, substantial evidence was presented to support the defendant's claim that either the defendant was not negligent or that the plaintiff's own negligence proximately contributed to the injury. The testimony concerning the plaintiff's driving after noticing the traffic signal change from green to yellow, by first decelerating, then accelerating and ultimately stopping abruptly across the crosswalk and into the intersection, constituted substantial evidence to support the defendant's contention that, but for the abrupt stop of the plaintiff, the impact would not have occurred. The actions of the preceding driver were such that reasonable minds could differ as to whether the defendant failed to exercise the degree of care expected of a reasonably prudent person under the circumstances. In a situation such as this, the timing of the preceding driver's actions is all-important as to whether he acted with due care or negligently. Reasonable minds could differ as to whether the defendant was following too closely and failed to anticipate foreseeable acts of the preceding driver. Reasonable minds could disagree as to whether the plaintiff acted with due care or negligently vacillated in his driving in such a manner as to cause the following driver to believe that he could safely stop anywhere up to the margin of the intersection.

The issues of the defendant's negligence and the plaintiff's contributory negligence were properly submitted to the jury. The trial court did not err in denying the motions for a directed verdict and a judgment notwithstanding the verdict or, alternatively, for a new trial. The judgment is affirmed.

FARRIS and ANDERSEN, JJ., concur.